DOUGLAS J. MELTON, Bar No. 161353
SHANE M. CAHILL, Bar No. 227972
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        dmelton@longlevit.com
              scahill@longlevit.com

BRADLEY J. SHAFER (MI P36604)*
ZACHARY M. YOUNGSMA (MI P84148)*
SHAFER & ASSOCIATES, P.C.
3800 Capital City Blvd., Suite 2
Lansing, Michigan 48906
Telephone:    (517) 886-6560
Facsimile:    (517) 886-6565
Email:        Brad@BradShaferLaw.com
              Zack@BradShaferLaw.com

*Admitted Pro Hac Vice

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD CLUB - SF, LLC, et al., | Case No.: 3:24-cv-04241-LJC |
| Plaintiffs, | **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES AND AFFILIATION EXCEPTION SUBMITTED PURSUANT TO COURT ORDER (DOC. 39)** |
| v. | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., | |
| Defendants. | Hon. Lisa J. Ciscneros |

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION

Defendants argue that Plaintiffs lack Article III standing because SBA has not made a final determination of ineligibility based on the Affiliation Rules.[1,2] That argument fails. As detailed below, Plaintiffs are already suffering here-and-now injuries—including active Post-Payment Reviews ("PPRs"), previously issued FLRDs, repeated demands for burdensome affiliation information, and financial harms. These are not hypothetical injuries—they are traceable to SBA's ongoing application of the Affiliation Rules and Affiliation Exception Provisions. Plaintiffs also clearly have pre-enforcement standing to challenge these provisions.

To establish standing, a plaintiff must show "i) that "she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and iii) that the injury likely would be redressed by the requisite judicial relief." FDA v. All. for Hippocratic Med., 602 U.S. 367, 380 (2024). An injury in fact must be "concrete," "particularized," and "affect the plaintiff in a personal and individual way[.]" Id. at 381. It can be, among other things, "a monetary injury, and injury to one's property, or an injury to one's constitutional rights[.]" Id. Plaintiffs "need not show that '*every* application of a regulation'" will harm them to establish injury in fact. California v. Bernhard, 460 F. Supp. 3d 875, 887 (N.D. Cal. 2020). "If a plaintiff faces a *credible threat of harm*, and that harm is both real and immediate . . . the plaintiff has met the injury-in-fact requirement[.]" Krottner v. Starbucks Corp., 628 F.3d 1139, 1141 (9th Cir. 2010) (emphasis added). Pre-enforcement standing exists "before the government has enforced the challenged policy," where the court examines "[1] whether the plaintiffs have articulated a concrete plan to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." Unified Data Servs., LLC v. FTC, 39 F.4th 1200, 1209–10 (9th Cir. 2022).

[1] Capitalized terms not defined herein have the meanings assigned to them in Plaintiffs' memorandum opposing Defendants' motion to dismiss. [Doc. 23 ("Memo")].

[2] Defendants burn nearly two pages defending 13 C.F.R. § 121.103(a)(5) against Plaintiffs' vagueness challenge—arguments they either failed to brief properly or neglected to raise at oral argument, and which fall outside the scope of the Court's order for supplemental briefing. [Doc. 39]. Plaintiffs stay on task and respond only to what the Court actually requested: supplemental briefing on standing to challenge the Affiliation Rules and Affiliation Exception Provisions.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES AND AFFILIATION EXCEPTION

On a motion to dismiss, a plaintiff need only show that the facts alleged, if proven, would confer standing. Id.; Warth v. Seldin, 422 U.S. 490, 501 (1975). Plaintiffs *easily* meet these standards as virtually every one of them is *currently* subject to review, in one form or another, under the Affiliation Rules (despite each being a NAICS code 72 business under the Affiliation Exception).

First, the Plaintiffs that don't even present "adult" entertainment, the Karaoke bars Cats and Cats NOLA, are currently subject to PPRs examining whether those businesses exceed, together with their "affiliates," the employee "size" standards, *which is solely an Affiliation Rules/Affiliation Exception issue*.[3] [FAC, Doc. 18; at ¶¶ 247-256, 264-269]. As shown in **Exs. 1, 2 & 3**,[4] these Plaintiffs received 5-, 8-, and 4-page PPRs (one for each of Cats' PPP loans) demanding so much documentation on the affiliation issue they can't even be summarized here within the page limits.[5, 6] Nothing is different for the two other non-adult businesses: Office (a simple bar and grill), and Pole Position (a now-closed sports bar). [FAC at ¶¶ 231-240, 272-283; *see also* Ex. A (Office PPR, Doc. 18-1 at PgID.8-14)], and **Ex. 4** (Pole Position PPR; each a 7-page demand for production of voluminous materials and information relating *solely* to the affiliation issue).[7]

Second, there are the Plaintiffs that have had FLRDs issued against them based upon both the

---

[3] Though not authorized by the PPP, the SBA argues it may "reassign" a NAICS code to certain "adult" Plaintiffs based on their supposed primary income source (e.g., dance income vs. food and drink sales). While that argument is for another day that issue has no bearing on the NAICS code designation for Affiliation Exemption purposes of businesses that offer no such—or *any*—entertainment.

[4] Exhibits to this supplemental filing are numbered; those to the FAC are lettered.

[5] On a motion to dismiss for lack of standing, the Court may consider documents beyond the complaint where, as here, they are referenced in the FAC, central to Plaintiffs' claims, and their authenticity cannot be questioned. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Rothschild v. Gildred, No. 23-cv-02105, 2025 U.S. Dist. LEXIS 38909, at **3-4 (N.D. Cal. Mar. 4, 2025) (Cisneros, J.). The attached exhibits meet all three criteria and, as SBA-issued records, their authenticity is not in doubt.

[6] As pled, Plaintiffs are needlessly expending significant resources responding to these draconian requests, which represent both an injury and irreparable harm in light of Plaintiffs' inability to recover damages against the SBA or attorneys' fees under the EAJA. [FAC, ¶¶ 4, 7, 345, 403, 613; *see also* Memo, at p. 18]. That alone constitutes an injury in fact to establish standing.

[7] Incredulously, the SBA actually has the temerity to assert that it may deny forgiveness to Plaintiff Office based on the "prurient sexual nature of the business," [Ex. A (Doc. 18-1 at PgID.9)], even though that bar offers *no live entertainment whatsoever!*

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION

Affiliation Rules and the PR, where they have filed OHA appeals and where the appeals are still pending (stayed pursuant to agreement of counsel pending resolution of this action). These include Smithville and DVSG of LV. [FAC at ¶¶ 203-215, 217-229]; *see also* **Exs. 5 & 6** (actual FLRDs, based in part on the Affiliation Rules, for, respectively, Smithville and DVSG of LV).

Third, there are the other Plaintiffs that have received loan *forgiveness* but have now been served with PPRs that purport to examine—by requesting the production of voluminous documentation, much of which the targeted Plaintiff has no legal access to—whether certain Plaintiffs were entitled to the loans in the first place. Most of these PPRs are based on *both* the Affiliation Rules and the PR, but one, discussed at oral argument, is based *solely* on the Affiliation Rules. These include Plaintiffs Reeder, Jamme, 90s, LVB, and Stockton. [FAC at ¶¶ 170-173, 296-297, 312-313, 327-328, 339-340]. To document and further expand upon the allegations, Plaintiffs attach those PPRs as, respectively, **Exs. 7**, **8**, **9**, **10**, & **11**, and it should be noted that the documents requested therein relate *exclusively* to the Affiliation Rules and have *nothing whatsoever* to do with the PR.

The Reeder document (**Ex. 7**) is the document the undersigned discussed at argument (an affiliation request *not* involving, as represented by Mr. Glass, Harry Mohney or Jason Mohney, but rather an individual named Curtis Wise), which includes demands for voluminous documents from *numerous* businesses *that did not exist at the time of loan application* (while affiliation is determined *at the time of loan application*, *see* 13 C.F.R. § 121.302(a), recall that Mr. Glass offered no explanation for SBA seeking affiliation documentation for businesses that did not even exist at the time Reeder submitted its loan applications), and a number of entities that have no connection whatsoever to Mr. Wise. How the SBA is coming up with this affiliation list is anyone's guess.

Fourth, there are the Plaintiffs that had FLRDs issued where forgiveness was denied based on the Affiliation Rules (either solely or together with the PR), who then filed OHA appeals, and then the SBA withdrew the FLRDs and moved to dismiss the appeals (all such motions being virtually instantaneously granted) because of the claimed necessity to conduct "further review" of the loan. These include Plaintiffs Dallas Food & Beverage (second draw loan) and Gold Club (first draw). [FAC at ¶¶ 73-83, 127-128]; *see also* **Exs. 12 & 13**, p. 2 and the Declarations of Jason Frulla, at ¶ 4

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES AND AFFILIATION EXCEPTION

of each (withdrawing FLRD to "complete a further review of the Loan"). This even applies to Plaintiff SAW, which had its first FLRD denying forgiveness based on the Affiliation Rules withdrawn for "further review" and its OHA appeal dismissed, with the SBA then issuing a second FLRD, this time basing forgiveness denial on the PR, which led to SAW filing a *second* OHA appeal, which was also dismissed after SBA withdrew the second FLRD for yet another "further review," setting up its *third bite* of the apple. [FAC at ¶¶ 187-200; *see also* Ex. EE (Doc. 18-2 at PgID.3614 & 3617) (withdrawing for "further review")], and **Ex. 14**, pp. 2 & 5, ¶ 4 (same). Certainly, the "further review" for these three Plaintiffs can include (even for SAW, given the first FLRD based upon affiliation) additional analysis under the Affiliation Rules.

Plaintiffs also face potential *civil* liability under the False Claims Act, 31 U.S.C. § 3729, *et seq.* ("FCA"). The PPP loan and forgiveness applications both require an applicant to certify that it is *eligible* to obtain the loan and/or forgiveness. [*See, e.g.*, Exs. CCC (Doc. 18-3 at PgID.1730) (noting that by signing the application, the applicant is certifying that it "is eligible to receive a loan under the rules in effect at the time this application is submitted"), and DDD (Doc. 18-3 at PgID.1737) (same)]. Under the FCA, an applicant that submits false information—such as a misrepresentation in its eligibility certification—may face civil penalties ($5,000 to $10,000, adjusted by inflation), *treble damages*, and the government's *litigation costs*. 31 U.S.C. § 3729(a)(1) & (3); [*see also* FAC at ¶¶ 4, 346, 734]. In fact, the undersigned has represented numerous adult entertainment industry clients in FCA Civil Investigative Demands tied to PPP loans; none yet involving any of these Plaintiffs or others in their supposed "affiliated groups," but given how the SBA is acting here, that concern is certainly not speculative.

And to establish *that point*, there are the SBA's threats—if the Plaintiffs do not provide, among other things, every scrap of requested affiliation information—to refer both the Plaintiffs *and their lending banks* to, among others, "the Office of Inspector General," [*see* Exs. A and B (Doc. 18-1, p. 8, 16)], which "investigates allegations of possible criminal violations and other wrongdoing" and which has the statutory responsibility to "[r]eport violations of the law to the U.S. Attorney General." *See* https://www.sba.gov/about-sba/oversight-advocacy/office-inspector-general/about-office-

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION

inspector-general (last visited May 19, 2025), pp. 3, 4. *Compare* Memo at Pg.ID.47, n.20 (citing SBA online documents that list the possible *criminal* penalties associated with making a false statement on a loan application). [*See also* FAC, ¶¶ 4, 346, 734]. Given SBA's *direct threats*, Plaintiffs' civil and criminal exposure is real—not conjectural or hypothetical.

Finally, regardless of Mr. Glass's "interpretation" of the bank letters, [Docs. 35-2 & 35-3], Gold Club has been demanded to repay its first draw loan, [Doc. 35-2]—with no known process of recovery even if it prevails in this matter—after SBA issued an FLRD denying forgiveness of that loan based on the Affiliation Rules, the PR, and its failure to apply the Affiliation Exception Provision. [FAC at ¶¶ 67, 73, 597-99]. That's an additional injury tied to these provisions.

All of the above are the quintessential "here-and-now" injuries where the Court has made clear that aggrieved parties need not undergo, before seeking relief in the courts, administrative proceedings that themselves are alleged to be unconstitutional. Axon Enterprise, Inc. v. FTC, 598 U.S. 175, 185-96 (2023). And, by the above, Plaintiffs are not asserting any form of "third party" standing; virtually every Plaintiff is currently subject to some form of proceeding by or with the SBA involving the Affiliation Rules and/or the Affiliation Exception. These are *not*, in the words of the Court in All. for Hippocratic Med., mere "*generalized* grievance[s]." 602 U.S. 381 (emphasis added).

Obviously, the actions set forth herein were initiated by, or could be initiated by, the SBA. Even if the lack of a final determination placed Plaintiffs in pre-enforcement territory, standing is still present. 1) Plaintiffs have already undertaken the activity by obtaining loans and seeking forgiveness, 2) the SBA has initiated proceedings, 3) the issuance of the FLRDs demonstrate a history of enforcement regardless of whether the SBA considers it a "final determination," and 4) liability fears under the FCA and criminal law are real. And, of course, the SBA has not withdrawn the PPRs seeking excessive materials regarding affiliation or disclaimed intent to use the FCA or criminal law.

Consequently, in light of the above, to assert that these Plaintiffs do not have standing to challenge the Affiliation Rules and the SBA's application of the Affiliation Exception is nothing short of absurd, with a capital "A." But it does nevertheless further the SBA's underlying goal of wasting as much time and money of the Plaintiffs, and their counsels, as is possible.

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION

Dated: May 30, 2025

Respectfully Submitted,

**SHAFER & ASSOCIATES, P.C.**

*/s/ Bradley J. Shafer*
Bradley J. Shafer (MI P36604)*
Zachary M. Youngsma (MI P84148)*
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Blvd., Ste. 2
Lansing, Michigan 48906
T: 517-886-6560
F: 517-886-6565
E: Brad@BradShaferLaw.com
E: Zack@BradShaferLaw.com

**LONG & LEVIT LLP**

DOUGLAS J. MELTON, Bar No. 161353
SHANE M. CAHILL, Bar No. 227972
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:      (415) 397-2222
Facsimile:      (415) 397-6392
Email: dmelton@longlevit.com
          scahill@longlevit.com

*Admitted Pro Hac Vice*

*Attorneys for All Plaintiffs*

Case No. 3:24-cv-04241-LJC
PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION

## **CERTIFICATE OF SERVICE**

I certify that on May 30, 2025, I electronically filed the foregoing document, along with any accompanying declarations and exhibits, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Zachary M. Youngsma
Zachary M. Youngsma (MI P84148)
**SHAFER & ASSOCIATES, P.C.**

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM ON STANDING REGARDING THE AFFILIATION RULES
AND AFFILIATION EXCEPTION