BRETT A. SHUMATE
Assistant Attorney General
JOSEPH E. BORSON
Assistant Branch Director
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, N.W., Room 12020
Washington, D.C. 20530
Tel: (202) 514-4469
Email: david.glass@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## NOTRHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOLD CLUB SF, LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SMALL BUSINESS ADMINISTRATION, *et al.*,<br><br>Defendants. | No. 3:24-cv-04241-LJC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: May 12, 2025<br>Time: 10:30 a.m.<br>Place: San Francisco Courthouse, Courtroom G<br><br>Hon. Lisa J. Cisneros |

**TABLE OF CONTENTS**

Page

INTRODUCTION ..............................................................................................................1

LEGAL BACKGROUND ..................................................................................................2

FACTUAL BACKGROUND .............................................................................................5

ARGUMENT ......................................................................................................................8

I.    PLAINTIFFS HAVE FAILED TO MEET THE THRESHOLD INQUIRY OF LIKELIHOOD OF SUCCESS ON THE MERITS ..................................................9

    A.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Requiring Borrowers to Exhaust Their Administrative Remedies ...........................................9

    B.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting the Adjudication of Constitutional Claims.....................................................11

    C.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Giving Discretion to SBA in the Appointment of OHA Judges......................................12

    D.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting Borrowers to Conduct Discovery or to Present Oral Argument ...........................12

    E.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Requiring a Borrower to File Its Appeal Petition Before SBA Files the Administrative Record ...............................................................................................................14

    F.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Giving SBA the Responsibility for Compiling the Administrative Record..............................14

    G.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting Borrowers to Obtain Awards of Attorney's Fees ....................................................15

    H.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because of the Alleged Bias of OHA Judges ...............................................................................17

    I.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Redacts the Administrative Record ....................................................19

    J.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Issues Superseding FLRDs .................................................................19

    K.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Supplements the Administrative Record...........................................20

L.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Submits Material Outside the Administrative Record When It Responds to Appeals ................................................................................21

II    PLAINTIFFS HAVE FAILED TO SHOW THAT THE BALANCE OF HARDSHIPS TIPS SHARPLY TOWARD THEMSELVES................................................................21

CONCLUSION...............................................................................................................23

**TABLE OF CASES**

Page

*2-Bar Ranch Ltd. P'ship v. Forest Service*, 966 F.3d 984 (9th Cir. 2021)..........................10, 16, 17

*Ardestani v. Immigr. & Naturalization Serv.*, 502 U.S. 129 (1991) ................................17

*Axon Enter. v. FTC¸* 598 U.S. 175 (2023)...................................................................11

*Barber v. Varleta*, 199 F.2d 419 (9th Cir. 1952)..........................................................4

*Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886 (1961) ........................................9, 13

*Califano v. Sanders*, 430 U.S. 99 (1977) .....................................................................9

*Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971) ................................................20

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985) .......................................................11

*Ctr. for Biol. Diversity v. Army Corps of Eng'rs*, 2015 WL 360419 (C.D. Cal. Feb. 4, 2015)......19

*Decker Coal Co. v. Pehringer*, 8 F.4th 1123 (9th Cir. 2021) ...........................................12

*Diamond Sands Apartments v. Clark Cnty.*, 164 F.4th 759 (9th Cir. 2026) ......................................8

*Elgin v. Dep't of Treas.*, 567 U.S. 1 (2012) ...................................................................11

*Fullilove v. Klutznick*, 448 U.S. 448 (1980)...................................................................4

*Liu v. SEC*, 591 U.S. 71 (2020)...................................................................................22

*Mathews v. Eldridge*, 424 U.S. 319 (1976).......................................................10, 11, 14

*Mobil Cerro Negro, Ltd. v. Bolivarian Repub. of Venezuela*, 863 F.3d 96 (2d Cir. 2017)..............22

*Morrissey v. v. Brewer*, 408 U.S. 471 (1972).......................................................12, 13

*Mullane v. Cent. Hanover Bank & Tr. Co.*, 359 U.S. 306 (1950) ..................................................9

*Nken v. Holder*, 556 U.S. 418 (2009)..............................................................................8

*NLRB v. Donelly Garment Co.*, 330 U.S. 219 (1947)...............................................................18

*Redpoint Cnty. Mut. Ins. Co. v. Admiral Ins. Co.*, 2026 WL 92286 (W.D. Tex. Jan. 5, 2026).........3

*Reid v. Engen*, 765 F.2d 1457 (9th Cir. 1985)..............................................................11

*Richardson v. Perales*, 402 U.S. 389 (1971)................................................................................13

*Williams v. Pennsylvania*, 579 U.S. 1 (2016)..............................................................................17

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7 (2008)....................................................................8

*Withrow v. Larkin*, 421 U.S. 35 (1975) .................................................................................9, 18

*Woodford v. Ngo*, 548 U.S. 81 (2006) .............................................................................10, 11, 13

**INTRODUCTION**

Defendant Small Business Administration (SBA) determined by final loan review decision (FLRD) dated December 16, 2025, that plaintiff Jamme Holdings, LLC (Jamme) was ineligible for forgiveness of its first draw loan under the Paycheck Protection Program (PPP) because Jamme had "failed to provide the necessary documents to support forgiveness."[1] Jamme appealed the FLRD to the SBA Office of Hearings and Appeals (OHA) by appeal petition dated January 14, 2026.[2] Jamme's appeal is pending.

The rules of practice set forth in 13 C.F.R. Chapter I, Part 134, Subpart L (OHA PPP Rules) govern Jamme's appeal.[3] *See* 13 C.F.R. § 134.1201(b)(1). Plaintiffs have moved, notwithstanding the pendency of Jamme's appeal, for a preliminary injunction restraining defendants from "enforcing or applying [the OHA PPP Rules] against Plaintiffs in any PPP-related OHA appeals while this action is pending, or relieving Plaintiffs from having to proceed in the OHA as a predicate for them litigating their other challenges in this Court."[4]

Plaintiffs contend in support of their motion that certain aspects of the OHA PPP Rules deny them due process, either facially or as applied to them, and that those aspects of the rules are subject to invalidation under 5 U.S.C. § 706(2)(A) and (B).[5] Plaintiffs also contend that the

---

[1] Pl. 1st Not. of Mot. & Mot. for Prelim. Inj. [etc.] (Mar. 19, 2026) (Pl. Mot.), Exs., ECF No. 50-2, at 29.

[2] *See* Ex. 1 hereto at 1.

[3] Plaintiffs refer to the OHA PPP Rules as the "Special OHA Rules (SORs)," Pl. Mot. at 1, but 13 C.F.R. Chapter I, Part 134, Subparts C, D, F, G, H, J, K, and M provide the rules of practice for "specific types of OHA proceedings" other than those to which the OHA PPP Rules apply. 13 C.F.R. § 134.201(b). The rules of practice that the above subparts provide likewise could be referred to as "Special OHA Rules."

[4] Pl. Mot. at 24-25.

[5] *Id.* at 9, 19. Sections 706(2)(A) and (B) direct a "reviewing court" to "hold unlawful and set aside agency action . . . found to be . . . not in accordance with law . . . [or] contrary to constitutional right."

No. 3:24-cv-04241-LJC
Def. Opp'n Pl. Mot. Prelim. Inj.                                                                    1

application to themselves of the foregoing aspects of the rules causes them a degree of harm that entitles them to injunctive relief.[6] The Court should deny plaintiffs' motion because plaintiffs do not meet the threshold inquiry of success on the merits and because plaintiffs have not shown that the balance of hardships tips sharply toward themselves.

**LEGAL BACKGROUND**

OHA is an establishment within SBA. 15 U.S.C. § 634(i)(1)(A). OHA hears, with certain exceptions, "appeals of agency actions under or pursuant to" the Small Business Act, the Small Business Investment Act of 1958, and 13 C.F.R. *Id.* § 634(i)(1)(B)(i).

Congress created PPP by § 1102 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 286 (Mar. 27, 2020). Section 1114 of the CARES Act provides: "Not less than 15 days after the enactment of this Act, the Administrator [of SBA] shall issue regulations to carry out this title and the amendments made by this title without regard to the notice requirements under section 553(b) of title 5, United States Code." 134 Stat. 312.

SBA issued the OHA PPP Rules pursuant to § 1114 of the CARES Act. *See* 85 Fed. Reg. 52883, 52884 (Aug. 27, 2020). SBA issued the rules on September 16, 2021. *See* 86 Fed. Reg. 51589. The rules are "[t]he rules of practice" for "appeals to OHA from certain [FLRDs] under [PPP]." 13 C.F.R. § 134.1201(a). Defining their scope, the rules state: "[An FLRD] that is appealable under this subpart is an official written decision by SBA, after SBA completes a review of a PPP loan, that finds a borrower . . . [w]as ineligible for a PPP loan [or makes one of certain other prescribed findings]." *Id.* § 134.1201(b)(1).

---

[6] Pl. Mot. at 21-24.

The rules require a borrower to file "[a]n appeal petition . . . with OHA within 30 calendar days after the appellant's receipt of the [FLRD that the borrower challenges]." *Id.* § 134.1202(a). "The appeal petition must include . . . [a] full and specific statement as to why the [FLRD] is alleged to be erroneous, together with all factual and legal arguments supporting the allegation," *id.* § 134.1204(a)(2), and may not exceed 20 pages in length, "not including attachments."[7] *Id.* § 134.1204(a)(2)(i). The rules state that "[a]n appeal to OHA is an administrative remedy that must be exhausted before judicial review of [an FLRD] may be sought in a Federal district court." *Id.* § 134.1201(d).

The rules require OHA "to assign the matter to either an Administrative Law Judge [ALJ] or an Administrative Judge" upon "receipt of an appeal." *Id.* § 134.1206. An Administrative Judge is "a Hearing Officer, as described in 15 U.S.C. § 634(i), appointed by OHA to adjudicate cases." *Id.* § 134.101. A borrower may move to disqualify an OHA judge "whenever disqualification is appropriate due to conflict of interest, bias, or some other significant reason." *Id.* § 134.218(c) (incorporated into the rules by *id.* § 134.1201(h)). The borrower may also seek appellate review at the administrative level if the OHA judge denies its motion. *Id.*

The OHA judge is required under certain circumstances to dismiss an appeal and is permitted under other circumstances to do so. *Id.* § 134.1205. The judge is required otherwise to "issue a Notice and Order . . . establishing a deadline for production of the administrative record and specifying a date by which SBA may respond to the appeal." *Id.* § 134.1206. The rules provide that "[a]ll appeals under this subpart will be decided solely on a review of the

---

[7] "[A]ttempt[s] to evade page limits by using excessive single-spaced material and footnotes" are disfavored. *See Redpoint Cnty. Mut. Ins. Co. v. Admiral Ins. Co.*, 2026 WL 92286, at *3 (W.D. Tex. Jan. 5, 2026). The appeal petition by which Jamme has initiated its pending appeal consists of 20 single-spaced pages.

administrative record, the appeal petition, any response, any reply or supplemental pleading, and filings related to objection to the administrative record." *Id.* § 134.1209(c).

The rules provide further that "[t]he administrative record shall include non-privileged relevant documents that SBA considered in making its [FLRD] or that were before SBA at the time of the [FLRD]" but "need not, however, contain all documents pertaining to the appellant." *Id.* § 134.1207(b). The borrower may "object to the absence of any document from the administrative record that [the borrower] believes should have been included in the administrative record," *id.* § 134.1207(e)(2), but the borrower must file any such objection "not more than 10 calendar days from the date SBA is required to file the administrative record." *Id.* § 134.1207(e)(1). "A party may move," however, "for an extension of time," *id.* § 134.1202(c)(ii), and "[a] Judge may extend any time period or deadline, except . . . [t]he time period governing commencement of a case . . . [or a] time period established by statute." *Id.* § 134.1202(c)(3)(i).

The rules provide that,"[g]enerally, a reply to a response is not permitted unless the Judge directs otherwise."[8] *Id.* § 134.1208(e). The rules also provide that "[n]either discovery nor oral hearings will be permitted," *id.* § 134.1209(b), and that "[a] prevailing [borrower] is not entitled to recover attorney's fees." *Id.* § 134.1213.

---

[8] Plaintiffs contend that 13 C.F.R. § 134.211(c), incorporated into the OHA PPP Rules by 13 C.F.R. § 134.1201(h), requires OHA judges to permit borrowers to file responses to motions. Pl. Mot. at 20. Section 134.211(c) provides: "All non-moving parties must file and serve a response to a motion or be deemed to have consented to the relief sought. The response is due no later than 15 days after the motion is served unless the Judge sets a different deadline." Plaintiffs' contention is without merit because a "later, more specific enactment . . . must be deemed to control" an earlier enactment. *Fullilove v. Klutznick*, 448 U.S. 448, 492 n.77 (1980) (op. of three justices); *accord Barber v. Varleta*, 199 F.2d 419, 422 (9th Cir. 1952). 13 C.F.R. § 134.1208(e) therefore controls § 134.211(c).

**FACTUAL BACKGROUND**

SBA anticipated when it drafted the OHA PPP Rules that PPP would generate "a large number of loans" and that the loans would generate "a large number of appeals . . . as compared to SBA's historical administrative appeal practice."[9]  SBA also anticipated that "many of the borrowers would be filing [their appeals] without the assistance of an attorney."[10]  SBA therefore sought when it drafted the OHA PPP Rules to "provide borrowers with efficient and meaningful reviews of [their] loan forgiveness decisions," thereby "provid[ing] borrowers with a review procedure that satisfied due process requirements."[11]  SBA was also required to consider, however, "the limited administrative and fiscal resources available to the agency to issue forgiveness decisions, defend those decisions, and adjudicate the appeals."[12]

"SBA's anticipation of a large number of PPP appeals turned out to be accurate."[13]  "For the 4 years prior to when PPP appeals started in July 2021, SBA received anywhere from 84 to 128 appeals from various other non-PPP SBA programs."[14]  PPP resulted, however, in the disbursement of "more than 11 million loans . . . totaling $800 billion."[15]  "From July 2021 . . . through April 7, 2026, SBA received over 13,000 appeals filed by PPP borrowers who [were] contesting their loan forgiveness with OHA."[16]

"OHA had 2 judges in house" before borrowers began filing appeals under the OHA PPP rules.[17]  "In order for OHA to manage the large workload that PPP presented, OHA utilized the 2

---

[9] Decl. of Eric S. Benderson (Benderson Decl.) (Apr. 10, 2026), Ex. 2 hereto, ¶ 7.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* ¶ 8.
[14] *Id.* ¶ 9.
[15] *Id.* ¶ 7.
[16] *Id.* ¶ 8.
[17] *Id.* ¶ 12.

existing judges and hired 37 external judges to adjudicate appeals."[18]  "The external judges were brought on through the rehiring of 19 retired annuitants, and hiring 18 judges through an Interagency Agreement entered into between SBA and other agencies to use those experienced agency judges."[19]  "OHA also hired 15 attorneys and 7 paralegals/administrative professionals to assist the judges."[20]

SBA occasionally "redact[s] material from an administrative record," "withdraw[s] [an FLRD] and issues a revised superseding decision," "supplements the administrative record," and "submit[s] material with its brief that is not in the administrative record" in proceedings under the OHA PPP Rules.[21]  SBA redacts material from the administrative record "if the . . . record contains information that is privileged, confidential, or prohibited from disclosure by the Privacy Act."[22]  "For example, there could be information that is related to a non-borrower, attorney-client or attorney work-product privilege, or that is otherwise privileged, such as involvement in a Department of Justice or Office of Inspector General investigation or fraud investigation."[23]  "This type of information is confidential, and SBA does not rely on such redacted information as a basis to determine loan forgiveness denial."[24]

SBA "withdraw[s] and re-review[s] a loan for forgiveness because SBA becomes aware of an error in the initial decision and seeks to correct that decision."[25]  "SBA may do this, for example, to provide a borrower with additional information that serves as a basis for SBA's

---

[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] Benderson Decl. ¶¶ 21-24.
[22] *Id.* ¶ 21.
[23] *Id.*
[24] *Id.*
[25] *Id.* ¶ 24.

decision on loan forgiveness."[26] "As such, the reissuance of a new FLRD provides a borrower with more information to contest the forgiveness decision while providing the same or new appeal rights to [the] borrower."[27]

SBA "supplements the administrative record . . . for two main reasons."[28] "First is that [SBA] may try to work with the borrower during the appeal process to resolve the reasons for forgiveness denial but in the end is still not able to change SBA's decision on forgiveness."[29] "If non-privileged information or documents are exchanged during that time period, SBA provides that information and documents to OHA and the borrower, so that OHA better understands the loan forgiveness determination and current status."[30] "Second, the administrative record is created through an automated process that pulls documents from the PPP Forgiveness Platform into a combined PDF."[31] "The result is sometimes documents are too large to be automatically converted so a manual conversion is required."[32] "SBA files those manually converted documents as a supplement to the Administrative Record, rather than with the initial Administrative Record in the combined PDF."[33]

The occasions on which SBA has "submitted material with its brief that [was] not in the administrative record" are "rare and likely a result [of] necessity because the information wasn't available before, or the omission was inadvertent and the information should have been submitted with the administrative record."[34] "In cases where additional information is submitted

---

[26] *Id.*
[27] *Id.*
[28] *Id.* ¶ 22.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.* ¶ 23.

that is not part of the administrative record, [SBA] will allow a borrower an opportunity to respond to that new information so there is no prejudice against the borrower."[35]

## ARGUMENT

## THE COURT SHOULD DENY PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest," *id.* at 20, although "harm to the opposing party and weighing the public interest . . . merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

Courts apply "a sliding-scale approach . . . under which a plaintiff may receive a preliminary injunction by showing 'serious questions going to the merits' 'so long as the balance of hardships . . . tips sharply toward the movant.'" *Diamond Sands Apartments v. Clark Cnty.*, 164 F.4th 759, 762 (9th Cir. 2026) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). "'[A] court may decide,'" however, "'to deny a preliminary injunction without considering the other factors'" if "'a movant fails to meet the threshold inquiry of likelihood of success on the merits (or serious questions going to them).'" *Id.* (quoting *Bennett v. Isagenix Int'l*, 118 F4th 1120, 1126 (9th Cir. 2024)).

Plaintiffs have failed to meet "'the threshold inquiry of likelihood of success on the merits.'" *See id.* (quoting *Bennett*, 118 F.4th at 1126). Plaintiffs have also failed to show that

---

[35] *Id.*

No. 3:24-cv-04241-LJC
Def. Opp'n Pl. Mot. Prelim. Inj.                                                                    8

"'the balance of hardships . . . tips sharply toward [themselves].'" *See id.* (quoting *Wild Rockies*, 632 F3d. at 1132). The Court should therefore deny plaintiffs' motion for preliminary injunction.

## I.   PLAINTIFFS HAVE FAILED TO MEET THE THRESHOLD INQUIRY OF LIKELIHOOD OF SUCCESS ON THE MERITS.

The Due Process Clause provides: "No person shall be . . . deprived of life, liberty, or property without due process of law." U.S. Const., Amend. V. "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case,'" *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 359 U.S. 306, 313 (1950)), but "[t]he incredible variety of administrative mechanisms in this country will not yield to any single organizing principle." *Withrow v. Larkin*, 421 U.S. 35, 52 (1975). "The very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation," *Cafeteria & Restaurant Workers v. McElroy*, 367 U.S. 886, 895 (1961), and no justification exists for "[a] construction of the Due Process Clause which would place impossible or impractical obstacles in the way." *Mullane*, 339 U.S. at 313-14.

Plaintiffs contend that no fewer than 12 aspects of the OHA PPP Rules deny them due process, either facially or as applied.[36] None of those aspects does so, however. Plaintiffs therefore have failed to meet the threshold inquiry of likelihood of success on the merits.

### A.   The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Requiring Borrowers to Exhaust Their Administrative Remedies.

Plaintiffs contend that that the OHA PPP Rules deny them due process facially because the rules require borrowers to "first appeal to the OHA before repairing to a federal court."[37] No

---

[36] Pl. Mot. at 6, 8-9, 16, 18-19.
[37] *Id.* at 9; *see* 13 C.F.R. § 134.1201(d).

denial of due process occurs, however, because "'[t]he doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law'" and because "[e]xhaustion of administrative remedies serve two main purposes." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)).  One purpose is to "protect[] 'administrative agency authority'" by "giv[ing] an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court'" and "discourag[ing] 'disregard of [the agency's] procedures.'"  *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  The other purpose is to "promote[] efficiency."  *Id.*  As the Court has explained:

> Claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.  In some cases, claims are settled at the administrative level, and in others, the proceedings before the agency convince the losing party not to pursue the matter in federal court.  And even where a controversy survives administrative review, exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration.

*Id.* (citations & quotation marks omitted).

The "balancing test" of *Mathews v. Eldridge*, 424 U.S. 319 (1976), "'has become the standard for determining whether certain challenged administrative procedures comply with the requirements of due process.'"  *2-Bar Ranch Ltd. P'ship v. Forest Service*, 966 F.3d 984, 994 (9th Cir. 2021) (quoting *Collord v. Dep't of the Interior*, 154 F.3d 933, 937 (9th Cir. 1998)).  *Mathews* provides:

> [T]he specific dictates of due process generally require consideration of three distinct factors: First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interests through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

The value that agencies and courts obtain from the doctrine of exhaustion of administrative remedies, *see Woodford*, 548 at 89, means that the "Government's interest" in maintaining the doctrine, *see Mathews*, 424 U.S. at 335, outweighs any interest that borrowers have in not being required to "first appeal to the OHA before repairing to a federal court." The provision of the OHA PPP Rules requiring borrowers to exhaust their administrative remedies thus does not deny plaintiffs due process.

### B.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting the Adjudication of Constitutional Claims.

Plaintiffs contend that the OHA PPP Rules deny them due process facially because "constitutional claims cannot be adjudicated by the OHA."[38] No denial of due process occurs, however, because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures," *Califano v. Sanders*, 430 U.S. 99, 109 (1977), and because agencies therefore "lack[] either the power or the jurisdiction to decide . . . challenges to the constitutionality of a statute . . . or challenges to the constitutionality of a regulation promulgated by the agency." *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985); *see Elgin v. Dep't of Treas.*, 567 U.S. 1, 16 (2012) (referring to the lack of jurisdiction that agencies possess to "'adjudicat[e] . . .the constitutionality of congressional enactments'") (quoting *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)).

Plaintiffs cite *Axon Enterprises v. FTC*, 598 U.S. 175 (2023),[39] but *Axon* is inapposite. *Axon* authorizes district courts to review "claims that the structure, or even existence, of an agency violates the Constitution" in cases where "[a] special statutory review scheme . . .

---

[38] Pl. Mot. at 9.
[39] *Id.* at 13.

No. 3:24-cv-04241-LJC
Def. Opp'n Pl. Mot. Prelim. Inj.                                                    11

preclude[s] district courts from exercising jurisdiction over challenges to federal agency action." 598 U.S. at 185. *Axon* does not hold that the inability of an agency to adjudicate constitutional claims is a denial of due process. *Axon* thus has no applicability to this case.

### C.      The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Giving Discretion to SBA in the Appointment of OHA Judges.

Plaintiffs contend that the OHA PPP Rules deny them due process facially by "permitting the SBA to appoint literally anyone to decide an OHA appeal, and not even requiring that the adjudicator be an [ALJ]."[40] This contention is without merit. Not only does due process does not require an administrative adjudicator to "be a judicial officer," *Morrissey v. v. Brewer*, 408 U.S. 471, 486 (1972), but "'an agency has the choice whether to use ALJs for hearings.'" *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1134 (9th Cir. 2021) (quoting *Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 537 F.3d 667, 669 n. 8 (D.C. Cir. 2008) (Kavanaugh, J., dissenting)).

SBA went to extraordinary lengths to hire enough judges to hear the 13,000 appeals that PPP generated.[41] Plaintiffs do not identify a single OHA judge who has lacked the legal training or acumen to serve in that role. The OHA PPP Rules thus do not deny plaintiffs due process by giving discretion to SBA in the appointment of OHA judges.

### D.      The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting Borrowers to Conduct Discovery or to Present Oral Argument.

Plaintiffs contend that the OHA PPP Rules deny them due process facially by "denying any discovery whatsoever" and "precluding hearings or oral argument."[42] This contention is without merit because "[t]he Fifth Amendment does not require a trial-type hearing in every

---

[40]*Id.* (emphasis deleted).
[41] *See* Benderson Decl. ¶ 12.
[42] Pl. Mot. at 8 (emphasis deleted); *see* 13 C.F.R. § 134.1209(b).

conceivable case of government impairment of private interest." *McElroy*, 367 U.S. at 894.

"'For, though due process of law generally implies and includes *actor*, *reus*, *judex*, regular allegations, opportunity to answer, and a trial according to some settled course of judicial proceedings, . . . yet, this is not universally true.'" *Id.* at 894-95 (quoting *Den ex rel. Murray v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 280 (1855)).

SBA anticipated when it drafted the OHA PPP Rules that permitting discovery and oral argument "would . . . greatly strain[] the finite resources SBA had to process these matters, and divert[] additional resources from other priorities."[43]  SBA was prescient.  Plaintiffs have issued discovery demands of extraordinary breadth to SBA during the appeals under the rules that plaintiffs have brought.[44]  Plaintiffs have shown by issuing those demands how disruptive discovery under the rules could have been.  The OHA judges, moreover, would have faced a daunting and time-consuming task if they had been required to schedule and conduct oral arguments in the 13,000 appeals that they have had to adjudicate.

"[N]ot all situations calling for procedural safeguards call for the same kind of procedure." *Morrissey*, 408 U.S. at 481.  Courts must be careful, moreover, not to "bring down too many procedures designed, and working well, for a governmental structure of great and growing complexity." *Richardson v. Perales*, 402 U.S. 389, 410 (1971).  The "Government's interest" in avoiding the strain that discovery and oral arguments would have placed on the

---

[43] Benderson Decl. ¶ 16.

[44] *See* Verified 1st Am. Compl. [etc.] (1st Am. Compl.) (Oct. 10, 2024), ECF No. 18, ¶ 99 (discussing the motion of plaintiff Gold Club SF (Gold Club) for "discovery in the form of document requests; a Fed. R. Civ. P. 30(b)(6) deposition of the SBA; a deposition of Eric Benderson . . . ; and the deposition of that person or those persons who made, or participated in any fashion in making, the decision to deny [Gold Club's] loan forgiveness application"); *see also id.* ¶¶ 76, 87, 151, 189 (referring to four similar motions that plaintiffs have filed) *& Woodford*, 548 U.S. at 90 (referring to parties who would "prefer not to . . . give the agency a fair and full opportunity to adjudicate their claims").

timely and efficient resolution of the thousands of appeals that borrowers have brought under the OHA PPP Rules, *see Mathews*, 424 U.S. at 335, outweighs any interest that the borrowers might have had in conducting discovery or presenting oral arguments during the course of their appeals. The restrictions on discovery and oral argument that the rules impose thus do not deny due process to plaintiffs.

### E.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Requiring a Borrower to File Its Appeal Petition Before SBA Files the Administrative Record.

Plaintiffs contend that the OHA PPP Rules deny them due process facially by "requiring appellants to file appeal briefs before they have an opportunity to review the administrative record . . . with no reply brief permitted as of right."[45]  This contention is without merit because the OHA PPP Rules permit a borrower to file a "reply to a response" with the consent of the OHA judge, 13 C.F.R. § 134.1208(e), and require the judge to consider "any reply or supplemental pleading" in deciding the borrower's appeal.  *Id.* § 134.1209(e).  "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'"  *Mathews*, 434 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  The right that 13 C.F.R. § 134.1208(e) gives a borrower to seek leave to file a reply in support of its appeal petition satisfies that requirement.

### F.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Giving SBA the Responsibility for Compiling the Administrative Record.

Plaintiffs contend that the OHA PPP Rules deny them due process facially because "the evidentiary record consists largely of materials compiled by SBA, at its discretion."[46]  This contention is without merit because the OHA PPP Rules give a borrower the right to "object to

---

[45] Pl. Mot. at 8.
[46] Pl. Mot. at 16.

the absence of any document from the administrative record that the [borrower] believes should have been included in the administrative record." 13 C.F.R. § 134.1207(e)(2). Plaintiffs complain that § 134.1207(e)(1) gives a borrower "only 10 calendar days" to review an administrative record that may be "thousands of pages" in length[47] but only two of the five administrative records to which plaintiffs refer contained "thousands of pages"[48] and § 134.1207(e)(1) does not necessarily give a borrower too little time to review an administrative record for completeness, regardless of the length of the record. A borrower, to the contrary, "should be familiar with the documents included in the administrative record" because "the borrower will have participated in the process of providing documents submitted by the lender to SBA during the loan forgiveness process and the loan review process."[49]

Section 134.1202(c)(3)(ii) gives a borrower the right, moreover, to move for an extension of its time to review an administrative record. Plaintiffs have taken advantage of that right by seeking and obtaining six extensions of time to review administrative records.[50] Their doing so shows that the OHA PPP Rules do not deny them due process by giving SBA the responsibility for compiling the administrative record.

### G.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process by Not Permitting Borrowers to Obtain Awards of Attorney's Fees.

Plaintiffs contend that the OHA PPP Rules deny them due process facially by "precluding attorneys' fees under the Equal Access to Justice Act [(EAJA)]"[51] This contention is without merit because appeals under the OHA PPP Rules are not proceedings to which EAJA applies.

---

[47] *Id*. at 8.
[48] *See* 1st Am. Compl. ¶¶ 79, 89, 96, 148, 191 (referring to administrative records containing 5,697, 920, 951, 458, and 6,206 pages, respectively).
[49] Benderson Decl. ¶ 17.
[50] *See* 1st Am. Compl. ¶¶ 81(three extensions), 90, 98, 192.
[51] Pl. Mot. at 8; *see* 13 C.F.R. § 134.1213.

EAJA provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of that agency was substantially justified or that special circumstances make an award unjust.

5 U.S.C. § 504(a)(1).

The term "adversary adjudication" as used in EAJA means "an adjudication under section 554 of this title in which the position of the United States is represented by counsel or otherwise.'" *Id.* § 504(b)(1)(C)).  Section 554 provides that "[t]his section applies, according to the provisions thereof, in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing," except a case of a type described in § 554(a)(1)-(6).  *Id.* § 554(a).  "Section 554 also prescribes some of the requirements for formal adjudications under the [Administrative Procedure Act (APA)]; sections 556 and 557 prescribe additional ones." *2-Bar Ranch*, 996 F.3d at 993.  "Among other things, parties are 'entitled to present [their] case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross-examination as may be required for a full and true disclosure of the facts.'" *Id.* (quoting 5 U.S.C. § 556(d)).

"The Supreme Court has made clear that 'the meaning of an adjudication under section 554 is unambiguous in the context of the EAJA' and refers only to 'proceedings . . . subject to or governed by § 554.'" *Id.* (quoting *Ardestani v. Immigr. & Naturalization Serv.*, 502 U.S. 129, 135 (1991)).  "In other words, an agency proceeding is an 'adversary adjudication' for EAJA purposes only if it is governed by the APA's formal adjudication requirements as opposed to, for example, the similar requirements of another statute or regulation." *Id.* at 993-94.

SBA issued the OHA PPP Rules pursuant to § 1114 of the CARES Act.  *See* 85 Fed. Reg. at 52884.  Section 1114 refers to "the notice requirements of 5 U.S.C. § 553(b)" but does not make any reference to 5 U.S.C. § 554.  The OHA PPP Rules make no provision, moreover, for certain of the "requirements for formal adjudications under the APA," including the right to "'present [one's] case or defense by oral or documentary evidence, to submit rebuttal evidence, [or] to conduct such cross examination as may be required.'"  *See 2-Bar Ranch*, 996 F.3d at 993 (quoting 5 U.S.C. § 556(d)).  A borrower who prevails in an appeal under the OHA PPP Rules thus has no right to an award of attorney's fees under EAJA because the appeal is not "an 'adversary adjudication' . . .  actually governed by the APA's formal adjudication rules."  *See id.* at 993-94; *see also id.* at 995 (holding that administrative appeals under the Postdecisional Administrative Review Process for Occupancy or Use of National Forest System Lands & Resources, 36 C.F.R. Ch. II, Pt. 214, are not "'adversary adjudication[s]' for purposes of EAJA"); *Ardestani*, 502 U.S. at 139 (holding that "administrative deportation proceedings are not adversary adjudications 'under section 554' and thus do not fall within the category of proceedings for which the EAJA has waived sovereign immunity and authorized the award of attorney's fees and costs.").  The OHA PPP Rules thus do not deny plaintiffs due process by "precluding attorneys' fees under [EAJA]."

### H. The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because of the Alleged Bias of OHA Judges.

Plaintiffs contend that the OHA PPP Rules deny them due process as applied because the rules "deny borrowers a neutral adjudicator."[52]  This contention is without merit.  "Due process guarantees 'an absence of actual bias' on the part of a judge," *Williams v. Pennsylvania*, 579 U.S.

---

[52] Pl. Mot. at 19 (bolding deleted).

1, 8 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)), but one who alleges bias "must overcome a presumption of honesty and integrity in those serving as adjudicators." *Withrow*, 421 U.S. at 47.  Plaintiffs have not overcome that presumption.

Plaintiffs contend that OHA judges are biased because they "can be . . . SBA employee[s]"; because they have an alleged propensity to "grant[] SBA's motions, sometimes within minutes of filing" and sometimes without giving plaintiffs "any right to submit any response"; because they have denied "all of Plaintiffs' discovery requests" as well as "all contested motions filed by the Plaintiffs," other than "motions to extend deadlines"; and because an attorney for OHA granted a motion filed by SBA on one occasion rather than the judge to whom the appeal was assigned.[53]  Far more is required, however, to show that an adjudicator is biased. *See, e.g., NLRB v. Donelly Garment Co.*, 330 U.S. 219, 237 (1947) (holding that an agency's examiners were not "disentitled to sit [in a hearing on remand] because they ruled strongly against a party in the first hearing"; noting that "defeated litigants, no matter how fairly treated, do not always have the feeling that they have received justice").  Plaintiffs ignore instances, moreover, in which OHA judges have ruled in their favor.  One instance to which plaintiffs refer occurred on May 14, 2024, when an OHA judge found that he did not have "a firm conviction that SBA's FLRD [was] free from clear error" and "remand[ed] the FLRD" to SBA.[54]

A borrower has the right, moreover, to move to disqualify an OHA judge whom the borrower believes to be biased.   13 C.F.R. § 134.218(c).  Plaintiffs have never exercised that

---

[53] Pl. Mot. at 9, 20.

[54] 1st Am. Compl. ¶ 158.

right.  The OHA PPP Rules thus have not denied due process to plaintiffs, notwithstanding the contention of plaintiffs that the rules "deny borrowers a neutral adjudicator."

### I.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Redacts the Administrative Record.

Plaintiffs contend that that OHA PPP Rules deny them due process as applied because SBA has submitted "heavily redacted [administrative records] that obstructed [plaintiffs'] ability to understand and adequately respond to [an] FLRD's rationale"[55]  This contention is without merit because agencies are permitted under appropriate circumstances to redact material from administrative records.  *See, e.g., Ctr. for Biol. Diversity v. Army Corps of Eng'rs*, 2015 WL 360419, at *8 (C.D. Cal. Feb. 4, 2015) (declining to compel agency to "complete the administrative record" by adding privileged material previously withheld).  The material that SBA redacts from administrative records is material that is "privileged, confidential or prohibited from disclosure by the Privacy Act"[56]; material upon which "SBA does not rely . . . as a basis to determine loan forgiveness denial"[57]; and material that cannot influence the OHA judge because the redaction of the material means that the OHA judge never sees the material.  Plaintiffs are not denied due process by SBA's redaction of such material.

### J.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Issues Superseding FLRDs.

Plaintiffs contend that the OHA PPP Rules deny them due process as applied because SBA sometimes issues superseding FLRDs that render plaintiffs' "initial appeal[s] moot."[58]  This contention is without merit because the Supreme Court has commented favorably on agencies

---

[55] Pl. Mot. at 8.
[56] Benderson Decl. ¶ 21.
[57] *Id.*
[58] Pl. Mot. at 6.

that seek to "'correct [their] own mistakes with respect to the programs [they] administer[] before [they are] haled into federal court.'" *Woodford*, 548 U.S. at 89 (quoting *McCarthy*, 503 U.S. at 145). SBA issues superseding FLRDs in cases where it "becomes aware of an error in the initial decision and seeks to correct that decision."[59]

Plaintiffs' contention is also without merit because a borrower has the right to appeal a superseding FLRD. *See* 13 C.F.R. § 134.1201(b) (defining "appealable" FLRDs without regard to whether they are initial or superseding). Plaintiffs have exercised that right by appealing four superseding FLRDs.[60] Their having done so shows that SBA has not denied them due process by issuing superseding FLRDs.

### K.    The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Supplements the Administrative Record.

Plaintiffs contend that the OHA PPP Rules deny them due process as applied because the rules "allow[] SBA to supplement the [administrative record] at any time."[61] This contention is without merit because an administrative record is "the 'whole record' compiled by the agency." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 419 (1971). SBA adds two categories of material to administrative records to ensure that each record constitutes the whole record. One category consists of "non-privileged information or documents" that the borrower and SBA exchange "during the appeal process" to try to "resolve the reasons for forgiveness denial."[62] The other category consists of documents that are too large for inclusion in an administrative

---

[59] Benderson Decl. ¶ 24.
[60] *See* 1st Am. Compl. ¶¶ 94, 147, 196 & Ex. A hereto at 1.
[61] Pl. Mot. at 8.
[62] Benderson Decl. ¶ 22.

record unless added manually.[63]  SBA does not deny plaintiffs due process by adding either category of material to administrative records.

> **L.** **The OHA PPP Rules Do Not Deny Plaintiffs Due Process Because SBA Sometimes Submits Material Outside the Administrative Record When It Responds to Appeals.**

Plaintiffs contend that the OHA PPP Rules deny them due process as applied because SBA has sought on occasion to "supplement the record through declarations submitted with its briefing after the administrative record has already been produced and finalized."[64]  This contention is without merit because plaintiffs refer to two occasions on which SBA has sought to "supplement the record" as plaintiffs allege and because plaintiffs acknowledge that SBA permitted them on both occasions to challenge the supplementation.[65]  SBA ensured by doing so that plaintiffs were not denied due process.

## II.   PLAINTIFFS HAVE FAILED TO SHOW THAT THE BALANCE OF HARDSHIPS TIPS SHARPLY TOWARD THEMSELVES.

Plaintiffs contend for three reasons that they "have suffered, and will continue to suffer, irreparable harm absent injunctive relief."[66]  None of plaintiffs' contentions has merit.

First, plaintiffs contend that they "face irreparable harm because they are compelled to litigate high-stakes loan forgiveness determinations within an unconstitutional adjudicatory framework."[67]  This contention is without merit because, as shown above, none of the aspects of the OHA PPP Rules that plaintiffs challenge denies them due process.  Nor, in any event, do

---

[63] *Id.*
[64] Pl. Mot. at 18.
[65] *See* 1st Am. Compl. ¶ 104 & Ex. Q at 2-3.
[66] *Id.* at 21 (bolding deleted, typeface altered).
[67] *Id.*

plaintiffs face any "irreparable" harm.  Plaintiffs can seek judicial review, to the contrary, of any final decision under the OHA PPP Rules to which they object.

Second, plaintiffs contend that "SBA's forgiveness denials threaten severe and unrecoverable financial harm."[68]  This contention is without merit because "equity practice [has] long authorized courts to strip wrongdoers of their ill-gotten gains."  *Liu v. SEC*, 591 U.S. 71, 79 (2020).  Plaintiffs have no right to retain any of the funds that they obtained under PPP to which PPP did not entitle them.

Third, plaintiffs contend that they are being "threatened with both civil and criminal exposure if they fail to comply with the SBA's draconian document requests."[69]  Plaintiffs' contention is without merit because the Administrator is "empowered" for "the purpose of any investigation" to "require the production of any books, papers, and documents which are relevant to the inquiry" and to "invoke the aid of any court of the United States" to enforce a subpoena seeking such materials.  15 U.S.C. § 634(b)(11).  Plaintiffs are thus required to comply with SBA's document requests, however much they would prefer not to do so.

Plaintiffs contend as a separate matter that they are entitled to the injunction they seek because the injunction "'would cause no harm to others,' 'the public interest weighs in favor of an injunction,' and the injunction would not 'meaningfully harm the government.'"[70]  Plaintiffs ignore the fact, however, that "[c]onsistency as to enforcement" is "importantly aligned with the values of predictability and federal control."  *Mobil Cerro Negro, Ltd. v. Bolivarian Repub. of Venezuela*, 863 F.3d 96, 118 (2d Cir. 2017).  Plaintiffs have failed to show, accordingly, that "the

---

[68] *Id.*
[69] *Id.* at 22.
[70] *Id.* at 23-24 (bolding deleted, typeface altered).

balance of hardships . . . 'tips sharply toward [themselves].'" *See Diamond Sands*, 164 F.4th at 762 (quoting *Wild Rockies*, 632 F.3d at 1132).

## CONCLUSION

The Court should deny plaintiffs' motion for preliminary injunction for the reasons set forth above.

Dated: April 18, 2026                          Respectfully Submitted,

                                               BRETT A. SHUMATE
                                               Assistant Attorney General

                                               JOSEPH E. BORSON
                                               Assistant Branch Director

                                               s/ *David M. Glass*
                                               DAVID M. GLASS, DC Bar 544549
                                               Senior Trial Counsel
                                               Department of Justice, Civil Division
                                               Federal Programs Branch
                                               1100 L Street, N.W., Room 12020
                                               Washington, D.C.  20530
                                               Tel: (202) 514-4469
                                               Email: david.glass@usdoj.gov
                                               Attorneys for Defendants