BRETT A. SHUMATE
Assistant Attorney General
STEPHEN M. ELLIOTT
Assistant Branch Director
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, N.W., Room 12020
Washington, D.C. 20530
Tel: (202) 514-4469
Email: david.glass@usdoj.gov
Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## NOTRHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| GOLD CLUB SF, LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SMALL BUSINESS ADMINISTRATION, *et al.*, <br><br> Defendants. | No. 3:24-cv-04241-LJC <br><br> DEFENDANTS' NOTICE OF RECENT DEVELOPMENT |

A loan under the Paycheck Protection Act (PPP) is a loan made by a private lender that defendant Small Business Administration (SBA) guarantees. "SBA, in its sole discretion, may purchase the guaranteed portion of a loan at any time whether in default or not, with or without the request from a Lender." 13 C.F.R. § 120.520(a)(1). Any decision that SBA makes to purchase or not to purchase the guaranteed portion of a loan "is not reviewable by [the] Court" because § 120.520(a)(1) commits "[t]his type of decision. . . to the sole discretion of . . . SBA." *Molina v. BBCN Bank*, 2013 WL 4590793, at *4 (C.D. Cal. Aug. 26, 2013); *see* 5 U.S.C.

§ 701(a)(2) (making inapplicable the judicial review provisions of the Administrative Procedure Act "to the extent that . . . agency action is committed to agency discretion by law").

Each loan under PPP has a specific maturity.[1] A loan under PPP thus may mature "while a loan review decision is pending with SBA (including a borrower appeal pending with the Office of Hearing and Appeals (OHA), if applicable)."[2] The guaranty on such a loan "automatically terminate[s]" upon the maturity of the loan unless the lender "extend[s] the maturity. . . or submit[s] to SBA a demand to purchase the guaranty within 180 days from the date of the . . . final SBA loan review decision (or OHA final decision, if applicable)."[3]

The lenders of certain of plaintiffs' loans under PPP have asked SBA to purchase all or a substantial portion of the guarantees on the loans. These loans are Dallas Food and Beverage, LLC, Loan No. 9303348301; Deja Vu Showgirls of Las Vegas, LLC, Loan No. 1248028408; Smithville Bistro, LLC, Loan No. 8375598409; Gold Club SF, LLC, Loan No. 1522057305; and S.A.W. Entertainment Limited, Loan No. 4961177704. Each of these loans is the subject of a pending loan forgiveness review decision and each of these loans has matured.

SBA did not solicit the requests of the above lenders that SBA purchase all or a substantial portion of the guarantees on the above loans. Multiple lenders have asked SBA to purchase all or a substantial portion of the guarantees on loans under PPP, including loans made to borrowers other than plaintiffs. SBA did not solicit those requests, either.

SBA has not yet determined whether it will purchase any portion of the guaranty on any of plaintiffs' loans. The process by which SBA proposes to make that determination will require

---

[1] *See* SBA Procedural Notice No. 5000-835955, *Extension and Revision of SBA Guidance on Guaranty Purchases and Lender Servicing Responsibilities for PPP Loans* (Oct. 5, 2022), *available at* https://www.sba.gov/document/procedural-notice-5000-835955-extension-revision-sba-guidance-guaranty-purchases-lender-servicing-responsibilities-ppp-loans, at 2.
[2] *Id.*
[3] *Id.*

SBA to download certain documents pertinent to each loan from the PPP Forgiveness Platform.[4] SBA will re-upload those documents to the PPP Forgiveness Platform with new submission dates after it makes its determination with respect to each loan.  SBA anticipates that each determination will take several weeks.  SBA does not anticipate that the temporary absence of the documents from the PPP Forgiveness Platform will interfere with the adjudication of any of plaintiffs' pending appeals to OHA.[5]  Neither does SBA anticipate that the new submission dates that the documents will bear after they are re-uploaded to the PPP Forgiveness Platform will affect the outcome of any loan forgiveness review decision that SBA may make.

Dated: July 27, 2026                              Respectfully Submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General

                                                  STEPHEN M. ELLIOTT
                                                  Assistant Branch Director

                                                  s/ *David M. Glass*
                                                  DAVID M. GLASS, DC Bar 544549
                                                  Senior Trial Counsel
                                                  Department of Justice, Civil Division
                                                  Federal Programs Branch
                                                  1100 L Street, N.W., Room 12020
                                                  Washington, D.C.  20530
                                                  Tel: (202) 514-4469
                                                  Email: david.glass@usdoj.gov
                                                  Attorneys for Defendants

---

[4] As to the PPP Forgiveness Platform, *see* SBA, *SBA [PPP] Platform Lender Instructions: Forgiveness Users Guide* (Mar. 13, 2024), *available at* chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://sba-forgiveness-docs.s3-us-gov-west-1.amazonaws.com/PPP-Forgiveness-Platform-User-Guide.pdf.

[5] Plaintiffs' sole pending appeal to OHA is that of plaintiff Jamme Holdings, LLC (Jamme).  *See* Def. Opp'n Pl. Mot. Prelim. Inj. (Apr. 18, 2026), ECF No. 53, at 1 (discussing the appeal).  SBA has agreed at plaintiffs' request to hold all proceedings with respect to Jamme's appeal in abeyance pending the adjudication of plaintiffs' motion for preliminary injunction.