United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD CLUB SF, LLC, et al., Plaintiffs, v. UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., Defendants. | Case No. 24-cv-04241-LJC **ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND SETTING A CASE MANAGEMENT CONFERENCE AND OTHER DATES.** Re: Dkt. No. 46 |

Plaintiffs have filed a motion for leave to file a motion for reconsideration of the Court's prior order granting in part and denying in part Defendants' motion to dismiss. ECF No. 46. Having considered Plaintiffs' arguments, the record in this case, and the relevant legal authorities, the Court DENIES the motion for leave to file a motion for reconsideration. The Court further sets a deadline of October 19, 2026 for the filing of the Second Amended Complaint and a Case Management Conference for November 19, 2026. The parties shall file their joint Case Management Statement by November 12, 2026.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits courts to revise their interlocutory orders. However, reconsideration of a prior order is only appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see LMC Vineyards, LLC v. Allied World Nat'l Assurance Co.*, No. 24-cv-03357, 2025 WL 3500537, at *2 (N.D. Cal. Aug. 26, 2025). The Northern District of California requires parties to obtain leave of the court before filing for reconsideration. *See* Civil L. R. 7-9(b). A party bringing a motion for leave to file a

motion for reconsideration must show reasonable diligence in bringing the motion, and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. … ; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.* "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered," and a party that violates this restriction "shall be subject to appropriate sanctions." *Id.* 7-9(c).

Motions for reconsiderations are "extraordinary" remedies, "to be used sparingly in the interests of finality and conservation of judicial resources," and should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). They are not a vehicle for an aggrieved party to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enterprises*, 229 F.3d at 890).

## II. ANALYSIS

Plaintiffs argue that they must be granted leave to file a motion for reconsideration because they acted diligently in bringing their motion and because the Prior Order "reflect a manifest failure to consider material facts, as pled, and dispositive legal arguments." ECF No. 46 at 3. The Court agrees that Plaintiffs acted diligently in filing for leave—their motion was filed less than a month after the Court issued the Prior Order—but finds that Plaintiffs have not shown there was "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order," or any other basis to grant leave

United States District Court
Northern District of California

under Local Rule 7-9(b).

Plaintiffs seek leave to file for reconsideration on five separate grounds. ECF No. 46 at 3. First, they argue that the Court improperly struck Plaintiffs' supplemental filings and declined to consider materials Plaintiffs filed on the docket after they filed the First Amended Complaint (FAC). Second, they argue that the Court erred in determining that 13 C.F.R. § 120.110(p), the prurient business exclusion, was content-based and not viewpoint-based. Third, they argue that the Court erred in applying the prudential ripeness doctrine. Fourth, they argue that the Court improperly equated finality with exhaustion. Fifth and finally, they argue that the Court improperly relied on *NEA v. Finley*, 524 U.S. 569 (1998) to deny dismiss their vagueness challenge. ECF No. 46 at 3. These arguments are addressed in turn.

Plaintiffs argued that the Court improperly struck and failed to consider their supplemental filings. Plaintiffs filed the FAC in October 2024. ECF No. 18. Defendants moved to dismiss in January 2025, setting a hearing for May 13, 2025, which Plaintiffs opposed. ECF Nos. 28, 32. Defendants filed their reply in support of their motion. ECF No. 33. After the motion had been fully briefed, Plaintiffs requested leave to file additional materials, and then later filed a short supplemental brief regarding Plaintiff Jamme's loan forgiveness application. ECF Nos. 35, 42. The Court denied Plaintiffs' motion to file additional materials, declined to consider those materials in ruling on the Motion to Dismiss, and struck Plaintiffs' supplemental brief as it had been filed without leave. Prior Order at 14 n.4, 18 n.7. Plaintiffs argue that this was improper. ECF No. 46 at 15-17. But the Local Rules provide that, once a reply has been filed, "no additional memoranda, papers or letters may be filed without prior Court approval," except to respond to new evidence included in the reply brief or to "bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed." Civil L.R. 7-3(d). The Court was not required to consider Plaintiffs' belatedly filed materials, and, in its discretion, chose to provide Plaintiffs leave to amend their complaint to include their new factual allegations instead of considering the materials when ruling on the motion to dismiss. While Plaintiffs contend that the Court's choice was inefficient, this is not a basis for reconsideration, and it is within the Court's discretion whether to consider supplemental filings. *See Cisco Sys., Inc. v. Dexon Computer, Inc.*,

United States District Court
Northern District of California

No. 20-cv-04926, 2023 WL 6466384, at *3 (N.D. Cal. Oct. 3, 2023).

Plaintiffs next argue that the Court erred in determining that the prurient business exclusion was a content-based, rather than viewpoint-based, limitation on a government subsidy. ECF No. 46 at 10-11. Although the "the government can make content-based distinctions when it subsidizes speech" as long as such distinctions satisfy rational basis review, it may not make viewpoint-based distinctions. *Davenport v. Washington Educ. Ass'n*, 551 U.S. 177, 188-89 (2007); *Regan v. Tax'n With Representation of Washington*, 461 U.S. 540, 548 (1983). In the Prior Order, the Court concluded that Plaintiffs failed to plausibly plead that SBA was discriminating against them based on their viewpoint; rather, it concluded that Plaintiffs were denied loan forgiveness and subject to further review because of the type of entertainment Plaintiffs' businesses offered. Although Plaintiffs contend that they pled that they were discriminated against based on viewpoint, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The Court distinguished the instant case from *Iancu v. Brunetti*, 588 U.S. 388 (2019), and followed *Camelot Banquet Rooms, Inc. v. United States SBA*, 24 F.4th 640 (7th Cir. 2022) because it found its reasoning persuasive, regardless of the different procedural posture in which the case was decided. Plaintiffs seek to reargue the issue, though Plaintiffs' disagreement with the Court's conclusion is not sufficient to establish that there was a "manifest failure by the Court to consider material facts or dispositive legal arguments" presented. Civil L. R. 7-9(c). In their second amended complaint, Plaintiffs are free to include allegations demonstrating that Defendants discriminated against them based on a particular viewpoint they expressed.

Next, Plaintiffs argue that the Court misapplied the prudential ripeness doctrine. ECF No. 46 at 18. They contend that, "[b]y applying prudential ripeness despite unchallenged constitutional ripeness, the Court effectively elevated a discretionary, disfavored doctrine into a jurisdictional bar." ECF No. 46 at 19. This in large part repeats their argument from their opposition to the motion to dismiss, where they urged the Court to not apply the "disfavored judge-made" prudential-ripeness doctrine. ECF No. 32 at 20 (internal quotations omitted). As the

Court explained in its Prior Order, courts may apply the prudential ripeness doctrine. ECF No. 45; *see Seattle Pac. Univ. v. Ferguson*, 104 F.4th 50, 65-66 (9th Cir. 2024). Plaintiffs have not demonstrated that granting leave to reconsider this decision is warranted.

Plaintiffs also argue that the Court erred in evaluating the hardship prong of the prudential ripeness analysis by discounting the "expense and annoyance" Plaintiffs experienced by being forced to undergo the SBA's allegedly unconstitutional administrative proceedings. ECF No. 46 at 19. They cite to *Axon Entertainment, Inc. v. FTC*, 598 U.S. 175 (2023), where the Supreme Court held that two respondents in administrative enforcement actions could bring constitutional challenges to the Securities and Exchange Commission and Federal Trade Commission's structure in federal district court, rather than present their claims first with the Commissions and then federal appellate court. *Axon* determined that the Exchange Act and the FTC Act, which "provide for review of a final Commission decision in a court of appeals, rather than a district court" did "not displace district court jurisdiction" to hear the respondents' constitutional claims. *Id.* at 181, 185. Plaintiffs' invocation of *Axon* does not warrant granting them leave to file for reconsideration. First, *Axon* does not address prudential ripeness. *See id.* Second, the Court recognized that Plaintiffs subject to Post-Payment Review or awaiting a final decision from SBA experienced hardship, but determined that this did not make their claims ripe. ECF No. 45 at 33. Third and finally, Plaintiffs did not argue that *Axon* controls in their Opposition to the Motion to Dismiss, nor do they now argue that they could not have known about the case at the time the motion was briefed and argued. Civil L.R. 7-9(b); *see* ECF No. 32.

Plaintiffs next argue that reconsideration is warranted because the Court improperly collapsed "exhaustion into finality" in finding that because the non-Gold Club Plaintiffs had not exhausted their administrative remedies, there was no final agency review. ECF No. 45 at 21-22. Plaintiffs contend that the Court failed to follow *Darby v. Cisneros*, 509 U.S. 137 (1993). *Id.* Plaintiffs' argument misconstrues the reasoning of the Prior Order and the holding of *Darby*. "*Darby* held that a person aggrieved by an agency decision is not required to exhaust nonmandatory administrative remedies, such as filing an optional appeal to a superior agency authority, before seeking judicial review." *Acura of Bellevue v. Reich*, 90 F.3d 1403, 1408 (9th

United States District Court
Northern District of California

Cir. 1996). In *Acura*, Ninth Circuit held that "*Darby* [was] inapposite" where the party aggrieved by an agency decision had in fact filed administrative appeals before seeking judicial review and, during that review process, the agency would have "the opportunity and authority to consider, change, and eventually finalize its position." *Id.* As in *Acura*, *Darby* is inapposite as Defendants do not contend that Plaintiffs' claims must be dismissed because Plaintiffs failed to exhaust nonmandatory administrative remedies. Instead, Defendants argue that Plaintiffs' claims are not yet ripe because the administrative proceedings are ongoing. *Id.*; *see* ECF No. 28 at 28-30. The Court determined that the non-Gold Club Plaintiffs' as-applied challenges to the prurient business exclusion and Special OHA Rules, and all Plaintiffs' as-applied challenges to the affiliation rules, were not fit for review as they challenged "unresolved or otherwise pending administrative proceedings," where resolution of the administrative proceedings could render Plaintiffs' claims moot. ECF No. 45 at 47-48. In other words, the Prior Order found that Plaintiffs' claims regarding inchoate administrative proceedings did not challenge a final agency action, not that Plaintiffs had failed to exhaust mandatory administrative remedies. Plaintiffs disagree with the Court's determination that they failed to allege the existence of a final agency action, but this does not warrant reconsideration of the Prior Order. Civil L.R. 7-9(b).

Lastly, Plaintiffs argue that reconsideration is warranted because the Prior Order improperly relied on *NEA v. Finley*, 524 U.S. 569 (1998) in determining that Plaintiffs did not allege that the prurient business regulation was void for vagueness. ECF No. 46 at 7-10; *see* ECF No. 45 at 62-63. Although *Finley* was decided after factual development and involved a government subsidy different in scope than is the case here, *see Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569 (1998), Plaintiffs do not show that it was legal error to dismiss their void-for-vagueness claim at the motion to dismiss stage or that *Finley* is cabined to its facts. *See* ECF No. 46 at 7-9; *Crownholm v. Moore*, 652 F. Supp. 3d 1155, 1166 (E.D. Cal. 2023), *aff'd,* No. 23-15138, 2024 WL 977676 (9th Cir. Mar. 7, 2024), and *aff'd,* No. 23-15138, 2024 WL 1635566 (9th Cir. Apr. 16, 2024) ("Whether a statute is unconstitutionally vague is a question of law that may be resolved on a motion to dismiss.") (cleaned up, citing *United States v. Erickson*, 75 F.3d 470, 475 (9th Cir. 1996)); *Thomas v. Harder*, No. 22-cv-944, 2023 WL 1815197, at *5 (D. Or. Feb. 8,

United States District Court
Northern District of California

2023).

## III. CONCLUSION

Plaintiffs accordingly have not shown they are entitled to file a motion for reconsideration. The prior stipulated order, ECF No. 48, is VACATED. Plaintiffs shall file their Second Amended complaint no later than October 19, 2026. The Court further a Case Management Conference for November 19, 2026. The parties shall file their joint Case Management Statement by November 12, 2026.

**IT IS SO ORDERED.** Dated: September 28, 2026

LISA J. CISNEROS
United States Magistrate Judge