United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOLD CLUB SF, LLC, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.,<br>Defendants. | Case No. 24-cv-04241-LJC<br>**ORDER GRANTING IN PART MOTION FOR PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 50 |

Plaintiffs have moved for a preliminary injunction. ECF No. 50. Plaintiffs request that the Court enjoin Defendants the Small Business Administration (SBA), two named SBA administrators, the Office of Hearings and Appeals, and the United States of America (1) from enforcing the special administrative procedures (SORs) for appealing denials of Paycheck Protection Program (PPP) loan forgiveness determinations or (2) from requiring Plaintiffs to undergo administrative proceedings as a prerequisite to filing suit. *Id.* at 2.

For the foregoing reasons, Plaintiffs' motion is GRANTED IN PART. Plaintiffs' motion is granted insofar as they seek to preliminarily enjoin Defendants from enforcing the SORs in their existing form.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual allegations underlying this case, which are described in greater detail in the Court's prior Order at ECF No. 45 (the Prior Order). For purposes of this order, the Court provides the following summary relevant to Plaintiffs' motion. Plaintiffs are fifteen bars and strip clubs that applied for and received PPP loans during the COVID-19 pandemic. The PPP permitted loan recipients to apply for loan forgiveness and established procedures for challenging denials of loan forgiveness applications. *See* ECF No. 18

(FAC) ¶ 404. Those procedures provide that entities whose loan forgiveness applications were denied could file an administrative appeal with the SBA's Office of hearings and Appeals (OHA). *Id.* ¶ 7. The process for challenging denials of PPP loan forgiveness is different from the process for challenging denials of other SBA loans, and so Plaintiffs refer to the procedures applicable to PPP loan forgiveness as the "Special OHA rules" or SORs. *Id.* ¶ 404. The Special OHA rules are set forth at 13 C.F.R. §§ 134.1201-134.1214.

The SORs are summarized as follows: After a PPP loan recipient applies for loan forgiveness, the Small Business Administration (SBA) reviews the application. If the SBA finds that the borrower was ineligible for the loan, used the PPP loan for unauthorized purposes, or was ineligible for PPP loan forgiveness, the SBA could issue a final loan review decision (FLRD) denying loan forgiveness. 13 C.F.R. § 134.1201(b). The borrower could then administratively appeal the decision to the OHA through the OHA's online case portal. 13 C.F.R. § 134.1202(a). FLRD appeals must be filed within thirty days of the borrower receiving the FLRD and must include a copy of the FLRD, a statement of why the FLRD is "alleged to be erroneous," and any relevant exhibits and attachments. *Id.* §§ 134.1202, 134.1204(a). Once a PPP borrower filed an administrative appeal, the deferment period of the PPP loan is extended until a final decision is issued. *Id.* § 134.1202(d).

Once the appeal has been filed, the matter is assigned to an adjudicator (who need not be an Administrative Law Judge (ALJ)). *Id.* § 134.1206. The adjudicator must dismiss the appeal if the appeal is beyond OHA's jurisdiction, is untimely, the appellant lacks standing, the appeal is premature, and may dismiss the appeal if the adjudicator determines that the "appeal does not, on its face, allege specific facts that if proven to be true, warrant reversal or remand of the final SBA loan review decision." *Id.* § 134.1205. If the appeal is not dismissed at that stage, the adjudicator issues a Notice and Order setting forth case deadlines. *Id.* § 134.1206.

The SBA must then lodge the administrative record (AR) within twenty calendar days after issuance of the Notice and Order. *Id.* § 134.1207. The AR must "include non-privileged, relevant documents that SBA considered in making its final loan review decision or that were before SBA at the time of the final loan review decision," but does not need to include "all documents

pertaining to the appellant." *Id.* The appellant then has ten days to object the AR, and they may "may object to the absence of any document from the administrative record that the appellant believes should have been included in the administrative record." *Id.* The adjudicator may permit that the AR be supplemented in response to objections.

The SBA may file a response to the borrower's appeal within forty-five days of the issuance of the Notice and Order, or fifteen days after the appellant's deadline to file objections. *Id.* § 134.1208(a). "Generally, filings after the close of record" forty-five days after the issuance of the Notice and Order "will not be considered," and "a reply to a response is not permitted" unless the ALJ directs otherwise upon the borrower's request. *Id*. § 134.1208(e). All appeals of FLRDs are "decided solely on a review of the administrative record, the appeal petition, any response, any reply or supplemental pleading, and filings related to objection to the administrative record" and neither "discovery nor oral hearings" are permitted. *Id.* § 134.1209. The borrower has the burden of proof to show that the FLRD "was based on clear error of fact or law." *Id*. § 134.1210.

Plaintiffs allege that the SORs are "bereft of due process." *Id.* ¶ 8. (They do not challenge the "normal" procedures for administratively appealing other SBA loan decisions.) In particular, they object that the SORs require appellants to file their motions before the SBA files the AR; do not provide appellants a right to a hearing; do not let appellants file a reply to the government's opposition as a matter of right; no oral argument is permitted; and that no discovery is permitted and thus appellants "have no reciprocal mechanism to obtain internal SBA material relevant to the agency's decision-making." ECF No. 50 at 17-18. Plaintiffs also contend that the SORs run afoul of due process because they permit only the SBA to supplement the AR; they do not require adjudicators to be ALJs; they preclude appellants from seeking fees under the EAJA; they provide appellants only ten days to review ARs, which can be thousands of pages long; they allow the SBA to redact documents in the AR; and they allow the SBA to submit evidence not included in the AR in its oppositions to appellants' appeals petition (which, in turn, appellants do not have a right to respond to). *Id.* at 9-10. They contend that the SORs permit the SBA to serially re-issue FLRDs, trapping appellants in a loop of appealing one FLRD, only for the SBA to withdraw the FLRD (mooting the administrative appeal) and then reissue a new FLRD.

Plaintiffs contend that the Court must enter a preliminary injunction enjoining the use of the SORs because they are likely to prevail on their claims that the SORs run afoul of due process, they will be irreparably harmed absent a preliminary injunction, and it is in the public interest to prevent violations of Plaintiffs' due process rights. ECF No. 50 at 13. They argue that they are likely to succeed on the merits of their due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976), because they have a protected property interest in receiving loan forgiveness, the SORs do not provide Plaintiffs an opportunity to adequately review or challenge the SBA's reasons for denying loan forgiveness applications and thus create a risk of erroneous deprivation, and imposing additional procedural safeguards would impose only a minimal additional burden on the SBA. *Id.* at 15-21.

**A. Legal Standard**

Preliminary injunctions may be granted when a party demonstrates that it (1) "is likely to succeed on the merits" of their case, (2) "is likely to suffer irreparable harm in the absence of preliminary relief," (3) when "the balance of equities tips" in the plaintiff's favor, and (4) when "an injunction is in the public interest." *Winter v. Nat. Resources Def. Council. Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). "A preliminary injunction is an extraordinary remedy that is never awarded as of right," and "may be only awarded upon a clear showing that the [party] is entitled to such relief." *Winter*, 555 U.S. at 22, 24.

In cases where the plaintiff alleges a constitutional violation, the first factor is particularly important. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). This is because if the "plaintiff in such a case shows he is likely to prevail on the merits, that showing usually demonstrates he is suffering irreparable harm no matter how brief the violation." *Id.* "And his likelihood of succeeding on the merits also tips the public interest sharply in his favor because it is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (internal quotations omitted). To show likelihood of success on the merits, the moving party "need not conclusively prove their case or show that they are more likely than not to prevail." *Stewart v. City & Cnty. of San Francisco, California*, 608 F. Supp. 3d 902, 911 (N.D. Cal. 2022), *aff'd sub nom. Stewart v.*

*City & Cnty. of San Francisco*, No. 22-16018, 2023 WL 2064162 (9th Cir. Feb. 17, 2023) (internal quotations omitted). "Rather, a 'fair chance' of success is the standard for granting preliminary injunctive relief." *Id.* (quoting *Benda v. Grand Lodge of IAM*, 584 F.2d 308, 315 (9th Cir. 1978)).

The Ninth Circuit uses a sliding-scale approach to the *Winter* factors, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–32 (9th Cir. 2011) (internal quotations omitted). "Thus, when plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." *Where Do We Go Berkeley v. Cal. Dep't. of Trans.*, 32 F.4th 852, 859 (9th Cir. 2022) (quoting *All. for the Wild Rockies*, 632 F.3d at 1131–32). "However, if a movant fails to meet the threshold inquiry of likelihood of success on the merits (or serious questions going to them), a court may decide to deny a preliminary injunction without considering the other factors." *Diamond Sands Apartments, LLC v. Clark Cnty. Nev.*, 164 F.4th 759, 762 (9th Cir. 2026) (internal quotations omitted).

"District courts have broad latitude in fashioning equitable relief when necessary to remedy an established wrong." *Earth Island Inst. v. Carlton,* 626 F.3d 462, 475 (9th Cir.2010) (quoting *High Sierra Hikers Ass'n v. Blackwell,* 390 F.3d 630, 641 (9th Cir. 2004)). "The 'purpose of a preliminary injunction is to preserve the status quo ante litem'"—that is, the last uncontested status preceding the pending controversy—"pending a determination of the action on the merits." *Boardman v. Pac. Seafood Grp.*, 822 F.3d 1011, 1024 (9th Cir. 2016) (quoting *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009)).

When ruling on a motion for a preliminary injunction, courts are not required to only rely on admissible evidence. *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) ("Due to the urgency of obtaining a preliminary injunction at a point when there has been limited factual development, the rules of evidence do not apply strictly to preliminary injunction proceedings."). Although the party seeking the injunction must provide "factual support beyond the allegations of the complaint," courts may consider the pleadings, and

evidence in support or in opposition to a request for a preliminary injunction "need not strictly comply with the Federal Rules of Evidence." *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 870 (C.D. Cal. 2021) (citing *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984)); *see Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988). At the same time, courts should not rely on "unsupported and conclusory statements" when finding facts as part of a preliminary injunction analysis. *Herb Reed,* 736 F.3d at 1250.

**B. Analysis**

Plaintiffs argue that they are likely to succeed on the merits of their due process claim, or at least have raised serious questions as to the merits of this claim; that they will be irreparably harmed absent an injunction; and that the balance of the equities and the public interest weigh in favor of granting injunctive relief. These arguments are addressed in turn.

**1. Likelihood of Success on the Merits**

Plaintiffs contend that they are likely to prevail on their claim that the SORs violate procedural due process. "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth" Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). Courts analyze procedural due process claims in two steps. The first step "asks whether there exists a liberty or property interest which has been interfered with by the State." *United States v. Juvenile Male*, 670 F.3d 999, 1013 (9th Cir. 2012); see *Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1190–91 (9th Cir. 2015), as amended on denial of reh'g and reh'g en banc (Jan. 29, 2016) ("Thus, the first question in any case in which a violation of procedural due process is alleged is whether the plaintiffs have a protected property or liberty interest and, if so, the extent or scope of that interest."). If plaintiffs have a cognizable property interest that has been interfered with by the government, courts progress to the second step: determining "whether the procedures attendant upon that deprivation were constitutionally sufficient." *United States v. Juvenile Male*, 670 F.3d at 1013. What process is due requires consideration of three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or

substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 at 335; *see Goldberg v. Kelly*, 397 U.S. 254, 263-63 (1970)

**a. Plaintiffs' Property Interest**

Plaintiffs first contend that they have a substantial property interest in forgiveness of their PPP loans and in a fair adjudication of their forgiveness applications. ECF No. 50 at 15. The SBA does not dispute this. "The property interests that due process protects extend beyond tangible property and include anything to which a plaintiff has a legitimate claim of entitlement." *Nozzi*, 806 F.3d at 1191. This includes the right to receive government benefits, such as welfare benefits, unemployment compensation, tax exemptions, or public employment. *Goldberg*, 297 U.S. at 262-63; *Mathews*, 424 U.S. at 332 (explaining that individuals have cognizable property interests in "continued receipt" of government benefits). Following *Mathews* and *Goldberg*, the Court agrees with Plaintiffs that they have a cognizable property interest in having their PPP loans forgiven. *See Goldberg*, 397 U.S. at 262 (explaining that "[r]elevant constitutional restraints apply as much to the withdrawal of public assistance benefits as to disqualification for" compensation from the government). Thus, Defendants could only deprive Plaintiffs of this property interest if there were adequate procedural safeguards in place.

**b. What Process was Due**

As the Court agrees with Plaintiffs at step one that a protected property interest is at stake, it now evaluates if Defendants provided adequate procedural protections. *See United States v. Juvenile Male*, 670 F.3d at 1013. This requires consideration of the private interest at stake, the risk of erroneous deprivation, and the Government's interest. *See Mathews*, 424 at 335.

**i. Plaintiffs' Interests**

As explained above, Plaintiffs have a cognizable property interest in having their PPP loans forgiven. This interest is significant. Plaintiffs contend that they risk "severe and unrecoverable financial harm," as Plaintiffs' PPP loans ranged from hundreds of thousands to two million dollars. ECF No. 50 at 16, 22. They cite to the FAC and its supporting exhibits, where

United States District Court
Northern District of California

they asserted, among other things, that OHA affirmed the FLRD that denied Plaintiff Gold Club's application for forgiveness of a two million dollar PPP loan, that Plaintiff Dallas had applied to have a $889,157 loan forgiven, Plaintiff Meacham had applied to have a $760,910 loan forgiven, and Plaintiff SAW had applied to have a $222,800 loan forgiven. *See* ECF No. 18-1 at 1838-48 FAC ¶¶ 127, 140, 186. The OHA's denial of Plaintiffs' loan forgiveness applications would require Plaintiffs to repay these significant loans and, Plaintiffs argue, cause their businesses "financial collapse." ECF No. 50 at 22. Although Plaintiffs could have strengthened their argument by showing the required rate of repayment, the impact repayment has had on Gold Club, or size of their businesses (and thus the relative impact of repayment), the Court accepts Plaintiffs' claims at this stage that they would be significantly burdened by being forced to repay the loans. *See Medcursor*, 543 F. Supp. 3d at 870.

**ii. Risk of Erroneous Deprivation**

Plaintiffs argue that the SORs create an intolerable risk of erroneous deprivation such that additional procedural safeguards are necessary. The "risk of erroneous deprivation" inquiry under *Mathews* has two components: (1) whether the existing procedures are fair and reliable such that they avoid erroneous deprivations of property, and (2) whether "additional procedural safeguards" would make it less likely for the government to make a mistake. 424 U.S. at 343.

Plaintiffs argue that the SORs create a "high risk" of erroneous deprivation "because SBA controls the materials that form the administrative record and borrowers lack any meaningful mechanism to obtain contrary evidence from the agency." *Id.* at 17-18. In particular, they take issue with the fact that the AR "consists largely of materials compiled by SBA, at its discretion," appellants see the AR only after they have filed their appeal, they have inadequate time to object to the AR, the borrower has no right to file a reply to the SBA's opposition, there is no right to a hearing or discovery, the SORs do not require ALJs to decide OHA appeals, and the SORs prohibit attorneys' fees under the EAJA. *Id.*

"The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg,* 397 U.S. at 267 (citations and internal quotation marks omitted). This requires that an individual facing government deprivation of a

United States District Court
Northern District of California

property interest must "have timely and adequate notice detailing the reasons" for the deprivation, and have a fair opportunity to challenge the deprivation. *Id.*; *see ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059, 1073 (9th Cir. 2015); *Greene v. McElroy*, 360 U.S. 474, 496 (1959).

The Court finds that the SORs fall short of these basic requirements as they do not provide appellants a meaningful opportunity to respond to the SBA's evidence and reasons for issuing an FLRD. The administrative appeals process is initiated when the SBA issues an FLRD denying an application for loan forgiveness. The FLRD states the reasons for the denial, but Plaintiffs indicate that the explanation provided is relatively brief and does not include the evidence that the SBA relied on in reaching its decision. The appellant must then file their appeal petitions based on the FLRD alone, without having had a chance to review the AR, and although appellants have an opportunity to object to the contents of the AR, they have no opportunity as of right to respond to the SBA's briefing. This is not enough: appellants must either have the opportunity to review the AR before they file their appeal, or have an opportunity, once the AR and the government's brief has been filed, to respond. *See Kerry*, 803 F.3d at 1073. Similarly, due process requires that the AR include all non-privileged documents that the SBA considered in deciding to issue the FLRD, [1] so that appellants have a complete record of the government's evidence, and that appellants have an opportunity to respond to new evidence that is added to the AR or included in the SBA's briefing. *See Portland Audubon Soc. v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) ("An incomplete record must be viewed as a fictional account of the actual decisionmaking process.").

The Court is not persuaded that due process requires more than that. Although Plaintiffs contend that the SORs deprive them of due process because they do not require "that the adjudicator be an Administrative Law Judge," ECF No. 50 at 9, administrative disputes do not need to be adjudicated by an ALJ, and "other employees specially provided for by or designated under statute" may serve an adjudicatory role, as long as the adjudication is "conducted in an

[1] This does not require the SBA to produce "all documents pertaining to the appellant" that were not considered by the SBA when issuing the FLRD, such as documents from an appellant's prior loan application. 13 C.F.R. §1207(b).

impartial manner." 5 U.S.C. § 556(b); *see Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1134 (9th Cir. 2021). Certainly, due process requires impartial decisionmakers, but administrative adjudicators are presumed to act with "honesty and integrity," and a party claiming bias must overcome this presumption by showing "a risk of actual bias or prejudgment." *Withrow v. Larkin*, 421 U.S. 35, 47 (1975). Due process permits "the same administrative body to investigate and adjudicate a case," and the fact that the OHA regularly ruled against Plaintiff does not show actual bias. *Walker v. City of Berkeley*, 951 F.2d 182, 185 (9th Cir. 1991); *Larson v. Palmateer*, 515 F.3d 1057, 1067 (9th Cir. 2008) ("[N]either adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity.").

So long as appellants have an opportunity to review the AR, and the AR is a complete record of the "evidence used to prove the Government's case," discovery is not warranted as a matter of right.[2] *Greene v. McElroy,* 360 U.S. 474, 496 (1959); *see Banister v. U.S. Dep't of the Treasury,* No. C 10-02764 JW, 2011 WL 7109220, at *4 (N.D. Cal. Mar. 10, 2011)*, aff'd,* 499 F. App'x 668 (9th Cir. 2012); *see Moore v. Adm'r, Veterans Admin.*, 475 F.2d 1283, 1286 (D.C. Cir. 1973) ("[N]o procedure for discovery is normally available in a federal administrative proceeding.") (internal quotations omitted). Similarly, due process does not "require full judicial or trial-type proceedings" and matters may be adjudicated on the papers. *Kerry*, 803 F.3d at 1074. "Subject to constitutional constraints, an agency has broad discretion in choosing the form of the proceeding that it will conduct." *Id.* at 1076 (citing *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.,* 435 U.S. 519, 543–44 (1978)). Here, as long as appellants have an opportunity to respond to the SBA, and subsequently have an opportunity to respond in writing to any new evidence the SBA introduces, no oral hearings are required. *See Goldberg*, 397 U.S. at 266 (holding that due process "need not take the form of a judicial or quasi-judicial trial); *Kerry*, 803 F.3d at 1078-79 (explaining that "written submissions may be sufficient" when a party facing government deprivations is "fully advise[d]" of the evidence against it and had opportunity "to

---

[2] To the extent Plaintiffs argue that they will never be able to obtain discovery, as judicial review of OHA decisions is limited to a review of the administrative record, reviewing courts are not absolutely barred from looking beyond the administrative record. *Lands Council v. Powell*, 395 F.3d 1019, 1029-39 (9th Cir. 2005).

respond to" new evidence). That the SBA compiled its own AR—provided that the AR is complete—does not violate due process, particularly given that the existing SORs allow appellants to challenge the absence of documents from the AR. Moreover, Plaintiffs do not explain how not being able to recover attorneys' fees under the EAJA creates a risk that an appellant's loan forgiveness application would be incorrectly denied.

The Court accordingly concludes that the SORs create a risk of erroneous deprivation because they require appellants to set forth the basis of their appeal without first being advised of the full basis for the SBA's denial, and then does not provide an adequate opportunity to respond to the SBA's evidence and argument.

**iii. The Government's Interest**

The third prong of the *Mathews* test for determining if a party has been afforded adequate process is "the government's interest in minimizing the cost and burden of additional or substitute procedures." *Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018). "The establishment of prompt efficacious procedures to achieve legitimate state ends is a proper state interest worthy of cognizance in constitutional adjudication." *Stanley v. Illinois*, 405 U.S. 645, 656 (1972). At the same time, "the Constitution recognizes higher values than speed and efficiency." *Id.*

The SBA explains that it implemented the SORs to manage the large number of applications for PPP loan forgiveness, and, in crafting the SORs, considered "the limited administrative and fiscal resources available to the agency to issue forgiveness decisions, defend those decisions, and adjudicate the appeals." ECF No. 53 at 10; Bendersen Decl. ¶ 7. Mr. Bendersen attests that, prior to implementing the PPP, the SBA received between 84 and 128 appeals of SBA decisions per year. Bendersen Decl. ¶ 9. Once the PPP was implemented in 2021, this number significantly increased: there were 1331 PPP appeals in 2021, 6570 PPP appeals in 2022, and 3897 PPP appeals in 2023. *Id.* By 2025, it was down to 508 PPP appeals. *Id.* The SBA argues that given this increase, providing additional procedures, such as allowing discovery and oral argument, would have been considerable, and the government's interest in avoiding this inefficiency "outweighs any interest that the borrowers might have had in conducting discovery or presenting oral argument." ECF No. 53 at 18-19. Certainly, the SBA has a "strong

interest" in efficiently adjudicating PPP appeals. *Franceschi*, 887 F.3d at 937. While aspects of the SORs—such as the prohibition on oral hearings and discovery—"appropriately reflects the importance of this interest," the SBA does not explain why providing the AR at the outset of the appeals process or giving appellants an opportunity to file a written reply would overly burden the government.

The Court accordingly concludes that Plaintiffs have shown a likelihood of success on their procedural due process claim.

**2. Irreparable Harm**

Under the *Winter* test, to prevail on a motion for preliminary injunction, a plaintiff must show that they are likely to succeed on the merits, that they are "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." 555 U.S. at 20. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns,* 427 U.S. 347, 373 (1976)); *see Cuviello v. City of Vallejo,* 944 F.3d 816, 833 (9th Cir. 2019) ("[O]ur cases do not require a strong showing of irreparable harm for constitutional injuries."). Moreover, "[r]easonable apprehension of threatened injury will suffice." *Am. Passage Media Corp. v. Cass Commc'ns, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985).

Plaintiffs argue that they face substantial harm because (1) they are being forced to proceed through "an unconstitutional adjudicatory framework," (2) denial of their loan forgiveness applications would be a severe financial harm, (3) the SORs limit Plaintiffs' ability to exercise their First Amendment rights, and (4) they have been threatened with civil and criminal exposure if they fail to comply with the SBA's document requests. ECF No. 50 at 22-24. Plaintiffs argue that this harm is irreparable because they cannot recover costs spent defending themselves in front of the OHA or repaying loans. *Id.* at 24. The SBA disagrees, arguing that the SORs do not subject Plaintiffs to an unconstitutional adjudicatory framework, Plaintiffs have no right to retain PPP funds that they were not entitled to in the first place, and being forced to comply with document requests is not a cognizable harm. ECF No. 53 at 26-27. As Plaintiffs note in their

reply, the SBA's arguments assume that the SORs provide sufficient process. *See* ECF No. 54 at 14.

As the Court has determined that Plaintiffs have shown a likelihood of success on their due process claim, the Court likewise finds that Plaintiffs have shown they are likely to suffer irreparable harm absent injunctive relief. *See Melendres*, 695 F.3d at 1002; *Isaacson v. Brnovich*, 610 F. Supp. 3d 1243, 1256 (D. Ariz. 2022) (finding irreparable harm where plaintiffs had shown they were likely to succeed on the merits of their procedural due process claim); *Greater Las Vegas Short-Term Rental Ass'n v. Clark Cnty.*, 813 F. Supp. 3d 1187, 1196 (D. Nev. 2025) ("[W]hen an alleged deprivation of a constitutional right is involved, irreparable harm generally follows.").

**3. Balancing of the Equities and the Public Interest**

"Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge." *Roman v. Wolf*, 977 F.3d 935, 940-41 (9th Cir. 2020); *see also Baird v. Bonta*, 81 F.4th 1036, 1039-40 (9th Cir. 2023). "To determine which way the balance of the hardships tips, a court must identify the possible harm caused by the preliminary injunction against the possibility of the harm caused by not issuing it" and weigh "the hardships of each party against one another." *Univ. of Haw. Prof'l Assembly v. Cayetano*, 183 F.3d 1096, 1108 (9th Cir. 1999). It "is always in the public interest to prevent the violation of a party's constitutional rights." *Baird*, 81 F.4th at 1040.

Plaintiffs argue that no one will be harmed if a preliminary injunction is entered, they risk being harmed by continued deprivation of due process rights if it is not entered, and it is in the public interest to prevent violations of due process rights. *See* ECF No. 50 at 24-25. In a very conclusory fashion, the SBA argues that the balance of hardships does not tip in Plaintiffs' favor because the government (and, presumably, the public) have an interest in consistent enforcement of regulations. *See* ECF No. 53 at 27. As the Central District explained, "Just as a plaintiff who is likely to succeed on the merits of his constitutional claim 'almost always' demonstrates that he is suffering an irreparable injury, '[a] plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor.'" *Arevalo*

*v. Trump*, 785 F. Supp. 3d 644, 667 (C.D. Cal. 2025) (quoting *Baird*, 81 F.4th at 1042). Here, the SBA has no valid interest in enforcing unconstitutional regulations, and it is "in the public interest to prevent the violation" of Plaintiffs' due process rights. *Baird*, 81 F.4th at 1040. The Court accordingly finds that the third and fourth *Winter* factor weigh in favor or granting a preliminary injunction.

The Court accordingly finds that Plaintiffs are entitled to preliminary injunctive relief. *See Winter*, 555 U.S. at 20.

**C. Bond**

Federal Rule of Civil Procedure 65(c) provides that the "court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Plaintiffs request that the Court exercise its discretion and not require a bond. ECF No. 50 at 25. The SBA does not oppose this request. Despite Rule 65(c)'s language, courts issue preliminary injunctions without ordering bonds. *See Diaz v. Brewer,* 656 F.3d 1008, 1015 (9th Cir. 2011) ("The district court retains discretion as to the amount of security required, *if any*.") (internal quotations omitted, emphasis added). Courts may impose no bond when the preliminary injunction is entered against "an institutional defendant," *Youth Just. Coal. v. City of Los Angeles*, 264 F. Supp. 3d 1057, 1073 (C.D. Cal. 2017), "there is no evidence the party will suffer damages from the injunction," *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003), and when the movant "seeks to vindicate a constitutional right." *Arevalo*, 785 F. Supp. 3d at 668. The Court is satisfied that no bond is necessary here.

**D. Scope of Relief**

Preliminary injunctions should "preserve the status quo ante litem—that is, the last uncontested status preceding the pending controversy—pending a determination of the action on the merits." *Boardman*, 822 F.3d at 1024 (9th Cir. 2016) (internal quotations omitted). "[I]njunctive relief must be tailored to remedy the specific harm alleged." *Melendres*, 784 F.3d at 1265. When an injunction is entered against the government, it "must directly address and relate

to the constitutional violation itself," and may not "require more of state officials than is necessary to assure their compliance with the constitution." *Id.* (internal quotations omitted). However, courts have "broad discretion" in fashioning injunctive relief, *Earth Island*, 626 F.3d at 475, and an injunction exceeds "the scope of a district court's power only if it is aimed at eliminating a condition that does not violate the Constitution or does not flow from such a violation." *Melendres*, 784 784 F.3d at 1265 (internal quotations omitted).

Plaintiffs request that the "Court enter a preliminary injunction either prohibiting Defendants from enforcing or applying the SORs against Plaintiffs in any PPP-related OHA appeals while this action is pending, or relieving Plaintiffs from having to proceed in the OHA as a predicate for them litigating their other challenges in this Court." ECF No. 50 at 25-26. In their supplemental filing, Plaintiffs specify that they seek injunctive relief for themselves and the 106 businesses "SBA has asserted are 'affiliates' of Plaintiffs." ECF No. 59 at 2. They ask that the Court impose the following procedural safeguards: (1) require appellants to file a notice of appeal within thirty days of receipt of an FLRD; (2) require SBA to produce the AR within thirty days of the notice of appeal before any substantive appeal petition is due, and require the AR to include "the documents SBA considered, relied upon, or had before it when issuing the challenged determination," and produce a privilege log for any withheld or redacted documents; (3) once the AR is filed, permit appellants thirty days to file objections or more to complete, correct, or supplement the AR and serve written discovery; (4) permit written discovery; (5) permit the appellant to file their substantive appeal petition thirty days after the ALJ resolves any record-completion filing or after the close of discovery; permit an appellant to file a reply, not to exceed ten pages, within seven days of the SBA's opposition to the appeal petition; (6) allow appellants to request evidentiary hearings; require that, once an SBA issues an FLRD, it may not withdraw and then reissue the FLRD as to a particular applicant unless it obtains leave or the renewed FLRD narrows or eliminates one or more grounds for the original FLRD. *See Id.* at 2-5.

Plaintiffs' request that the Court relieve them "from having to proceed in the OHA as a predicate for them litigating their other challenges in this Court" goes far beyond the status quo ante litem, as it lets Plaintiffs circumvent the SBA's administrative appeal process entirely. ECF

No. 50 at 25-26. Such relief is not warranted.

As discussed above in the context of Plaintiffs' likelihood of success on the merits of their procedural due process claims, additional procedural safeguards may be necessary to assure compliance with due process. *See Melendres*, 784 F.3d at 1265. However, the full relief Plaintiffs request requires Defendants to do more than the constitution requires, and is thus overbroad. *See Bresgal v. Brock*, 843 F.2d 1163, 1170 (9th Cir. 1987) (explaining that injunctions "must be narrowly tailored to remedy the specific harm shown"); *Los Angeles Haven Hospice, Inc. v. Sebelius*, 638 F.3d 644, 664 (9th Cir. 2011) ("injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs").

The Court accordingly PRELIMINARILY ENJOINS Defendants from enforcing the SORs, as written, against Plaintiffs and the 106 entities Defendants contend are related to Plaintiffs (the Covered Appellants). Defendants must provide the additional procedural protections in place of (or, where applicable, in addition to) the SORs:

> 1. Within thirty days of receipt of an FLRD, a Covered Appellant may file a notice of appeal. The notice of appeal need not set forth the substantive bases of their appeal.
>
> 2. Within thirty days of the filing of the notice of appeal, the SBA must produce a complete Administrative Record including all non-privileged documents that the SBA considered or relied on in deciding the appellant's challenged FLRD.
>
> 3. A Covered Appellant has fifteen days from the production of the Administrative Record to file objections to the Administrative Record, including objections that the Administrative Record is incomplete.
>
> 4. Within thirty days of the resolution of any objections to the

Administrative Record, or, if no objections are filed, within thirty days of production of the Administrative Record, a Covered Appellant must file their substantive appeal petition.

5. The SBA shall file their opposition to a Covered Appellant's appeal petition within twenty days of the appeal petition being filed.

6. A Covered Appellant may file a reply to the SBA's opposition within ten days after the opposition is filed.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a preliminary injunction is GRANTED IN PART. The terms of the preliminary injunction are set forth above.

To the extent that Defendants believe that scope of preliminary relief is overbroad in that it reaches entities that are not affiliated with Plaintiffs, the parties may meet and confer on the issue and may file a joint stipulation and proposed order to amend the preliminary injunction. Alternatively, if the issue is disputed, Defendants may file a duly noticed motion to amend the preliminary injunction, following the procedures set forth in Civil Local Rule 7-2.

**IT IS SO ORDERED.** Dated: September 28, 2026

LISA J. CISNEROS
United States Magistrate Judge